**In re Charles Allen DABBS, Debtor.**

**Bankruptcy No. 84–06878 (7).**

United States Bankruptcy Court,
N.D. Alabama.

March 23, 1987.

Michael Kendrick, Birmingham, Ala., for Commercial Union Ins. Companies.

Charles Boyd, Gadsden, Ala., for the debtor.

## MEMORANDUM OPINION

L. CHANDLER WATSON, JR., Bankruptcy Judge.

The above-styled case is before the Court on the motion of the debtor, Charles Allen Dabbs, to reopen his bankruptcy case. The case was commenced in this Court on December 26, 1984, by the filing by the debtor of a petition for relief pursuant to title 11, United States Code, chapter 7. The case proceeded under said chapter with the debtor's being granted a discharge on May 14, 1985. The case was closed on June 6, 1985. The Court thus does not have before it the file maintained by the clerk of this Court during the pendency of the case.

The motion presently before the Court was filed by the debtor on October 21, 1986. The debtor seeks to have his bankruptcy case reopened so that he may initiate an adversary proceeding against a creditor, Commercial Union Insurance Companies (Commercial Union), to determine whether a debt which said creditor claims is owing to it by the debtor was discharged pursuant to the discharge order of May 14, 1985. The basis of the debt and of the dispute between the parties is stated in the debtor's motion and may be summarized as follows:

1. Prior to the filing of the chapter 7 petition, the debtor was involved in an automobile accident in which Jeffery D. Rains and Donna Davis Rains allegedly sustained personal injury and property damage;

2. The schedules filed by the debtor in conjunction with his petition in bankruptcy listed the Rains as creditors;

3. On April 30, 1985, Commercial Union, as insurer, and its insured, Jeffery D. Rains, filed a complaint against the debtor in the Circuit Court of Marshall County, Alabama, seeking damages in connection with the automobile accident. The complaint alleges that the debtor was driving an automobile negligently, wantonly, and under the influence of alcohol and/or drugs at the time the accident occurred;

4. Commercial Union was not listed in the debtor's schedules since the debtor had no knowledge of Commercial Union's alleged claim against him until the commencement of the action in the Marshall County Circuit Court;

5. The debtor filed a "suggestion of bankruptcy" in the state court action;

6. Commercial Union now alleges that it was not given adequate notice of the debtor's bankruptcy case and, apparently, that any claim which it has against the debtor arising from the automobile accident was not affected by the debtor's discharge, due to the lack of such notice; and

7. The debtor contends that his listing of Commercial Union's insured as a creditor in his chapter 7 schedules was sufficient to apprise Commercial Union of the pendency of the bankruptcy case.

After notice to all parties in interest, a hearing was held on November 19, 1986, on the debtor's motion to reopen the case. Only the debtor's attorney was present at said hearing. The attorney representing the plaintiffs in the state court action subsequently informed the Court in writing that said parties do not object to the debtor's motion.

*Conclusions of Law—*

Section 350(b) of title 11, United States Code, authorizes the reopening of a bankruptcy case in the court in which it was closed "... to administer assets, to accord relief to the debtor, or for other cause". The reopening of a case is a discretionary matter, subject to a finding of sufficient cause by the Court. *In re Rediker,* 25 B.R. 71 (Bankr.M.D.Tenn.1982).

The debtor seeks to have the present case reopened in order to have this Court determine the effect of his discharge on the debt allegedly owed by the debtor to Commercial Union. The kinds of debts which are excepted from a debtor's discharge are designated in 11 U.S.C. § 523(a). It appears from the allegations in the debtor's motion that the dispute between the debtor and Commercial Union as to the dischargeability of the debt at issue is based upon the provisions of 11 U.S.C. § 523(a)(3),[1] and

therefore turns on the question of whether the creditor had knowledge or notice of the debtor's bankruptcy case within sufficient time to file a proof of claim[2] and a complaint to determine the dischargeability of the debt.[3]

It also occurs to the Court, based on the allegations of the complaint filed against the debtor in the state court by Commercial Union and its insured, that the debt at issue may be of the kind specified in § 523(a)(6). Although the bankruptcy court has exclusive jurisdiction to determine the dischargeability of a debt of the kind specified in § 523(a)(6),[4] the resolution of the dischargeability question in the present case will nevertheless turn on the provisions of § 523(a)(3). If Commercial Union had notice or actual knowledge of the debtor's case in time to file a proof of claim and a timely request for a determination of the dischargeability of the debt,[5] then the discharge order of May 14, 1985, effectively discharged the debt pursuant to the provisions of 11 U.S.C. § 727(b).[6] If, on the other hand, Commercial Union did not have such notice, then that debt is nondischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(3).

The bankruptcy court's jurisdiction to determine dischargeability issues arising from 11 U.S.C. § 523(a)(3) is not exclusive. I Norton, *Bankr. Law and Prac.* (Callaghan) § 27.73.[7] This fact apparently has not escaped the debtor, as he stated as his reason for requesting the Court to reopen the case that "[the bankruptcy] court is

---

1. 11 U.S.C. § 523(a)(3) excepts from discharge any debt not scheduled by the debtor in time to permit the creditor to file a timely proof of claim and, if the debt is of a kind specified in subsections (2), (4), or (6) of § 523(a), a timely complaint for determination of the dischargeability of the debt, *"unless the creditor had notice or actual knowledge of the case in time for such timely filing".* (Emphasis supplied).

2. Bankruptcy Rule 3002(c) designates the time within which proofs of claim must be filed in chapter 7 cases.

3. There is no deadline for the filing of a complaint to determine the dischargeability of a debt, except with regard to the kinds of debts specified in 11 U.S.C. § 523(a)(2), (4), and (6). *See* Bankr. Rule 4007(b) and (c).

4. 11 U.S.C. § 523(c); I Norton, *Bankr. Law and Prac.* (Callaghan) § 27.72.

5. *See* Bankr. Rule 4007(c) and 11 U.S.C. § 523(c).

6. 11 U.S.C. § 727(b) provides, in pertinent part, that "Except as provided in § 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the order for relief ...."

7. See 28 U.S.C. § 1334(b). The wording of 11 U.S.C. § 523(a)(3)(B) and (c) does not require a different conclusion even though the determination required under § 523(a)(3)(B) includes the making of a determination under § 523(a)(2), (4), or (6).

versed in the Bankruptcy Law and is better able to determine the interest of all of the parties than leaving the question to the Circuit Court of Marshall County."

The question thus becomes whether the debtor's desire to litigate the issue of notice under § 523(a)(3) and the nature of the claim in the bankruptcy court, rather than in some other forum, constitutes "cause" for reopening the bankruptcy case under § 350(b). In addressing this question in a case with facts similar to the one presently before the Court, the United States Bankruptcy Court for the District of Massachusetts concluded that it does not. *In re Iannacone*, 21 B.R. 153, 155 (Bankr.D. Mass.1982). This Court agrees with that conclusion and finds that, based on the facts recited herein, the debtor's motion to reopen is due to be denied.

## ORDER

In view of the foregoing, it is ORDERED by the Court that the motion of the debtor to reopen the case is denied, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtor, the debtor's attorney, and Michael Kendrick, Esquire.