**In re Michael L. SMITH,
SSN 445–65–5919, Debtor.**

**Bankruptcy No. 87–70532.**

United States Bankruptcy Court,
E.D. Oklahoma.

April 1, 1991.

Cathy C. Barnum, Norman, Okl., for debtor.

### ORDER

JAMES E. RYAN, Chief Judge.

On this 29th day of March, 1991, the Motion of Debtor to Reopen Bankruptcy Case filed March 7, 1991 (Docket Entry No. 39) came before this Court for consideration.

After review of the Motion and the applicable law, this Court does hereby enter the following as Findings of Fact and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

### STATEMENT OF FACTS

The above-referenced case was converted to Chapter 7 of the United States Bankruptcy Code on November 18, 1987 and by Order entered October 6, 1988, a Discharge was entered in favor of the Debtor and the case was closed. The Debtor wishes to reopen this case for the purpose of filing a Complaint pursuant to 11 U.S.C. 523(a)(5) to determine the dischargeability of a Judgment rendered pre-Petition against the Debtor and in favor of his ex-wife in a State Court divorce proceeding.

**631**

## CONCLUSIONS OF LAW

 The reopening of a case is governed by 11 U.S.C. § 350(b) which provides that "A case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the Debtor, or for other cause." The reopening of a closed case is within the sound discretion of the Bankruptcy Court. *Hawkins vs. Landmark Finance Company*, 727 F.2d 324, 326–27 (4th Cir.1984).

The Debtor is essentially seeking declaratory relief from this Court as to whether the particular Judgment obtained against him in the divorce proceeding is in the nature of a "property settlement" which is dischargeable, or "support of maintenance alimony" which is nondischargeable. 11 U.S.C. § 523(a)(5). The nature of the relief is in fact declaratory since once this determination is made, § 523(a)(5) permits an ipso facto finding of the dischargeability of the associated debt.

Clearly, a State Court of competent jurisdiction has concurrent jurisdiction with the Bankruptcy Court in determining the nature of an obligation created by a divorce decree and the dischargeability of that debt in bankruptcy pursuant to 11 U.S.C. § 523(a)(5). *In re Littlefield*, 17 B.R. 549, 550 (Bankr.D.Maine 1982). Only those actions based in § 523(a)(2), (4) and (6) are within the *exclusive* jurisdiction of the Bankruptcy Court. 11 U.S.C. § 523(c); B.R. 4007(c). The determination of whether a particular obligation owed by a Debtor to a former spouse is in the nature of "support" or "maintenance" requires an initial finding that the decree establishing the debt is ambiguous. In so characterizing the debt, the subsequent trial of the matter by the Bankruptcy Court would require the re-litigation of issues presumably presented to the Court issuing the decree and the application of State law. The State Court is in an infinitely better position than the Bankruptcy Court to interpret its Orders and apply the relevant law of the State to determine the nature of the obligation and therefore the dischargeability of the debt. The fact that the Debtor desires for the dischargeability determination to be made in this Court rather than in the State Court is not sufficient grounds to find "cause" to reopen this case. See *In re Dabbs*, 72 B.R. 73, 75 (Bankr.N.D.Ala. 1987).

IT IS THEREFORE ORDERED that the Motion of Debtor to Reopen Bankruptcy Case is hereby denied for the reasons set forth hereinabove.