977 F.2d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Lynn WILLIAMS, Petitioner-Appellant,
v.
Alma Jean LEMONS, Respondent-Appellee.
 No. 92-4015.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Robert Lynn Williams appeals from a memorandum decision and order of the district court affirming a decision of the bankruptcy court denying his motion for relief from injunction under 11 U.S.C. § 524.
 
 
 3
 Williams, an animal control officer, responded to a complaint of a dog bite at appellee Alma Jean Lemons' home on July 15, 1988. While there, he was allegedly attacked and injured by Lemons' dog. Williams subsequently filed an action in state court against Lemons on February 21, 1990, for injuries allegedly suffered from the attack. Lemons answered, denying Williams' allegations.
 
 
 4
 Lemons filed for bankruptcy on March 15, 1990. Although neither Williams nor his counsel received formal notice of Lemons' bankruptcy, Williams' counsel was informally told of the bankruptcy by Lemons' counsel. On June 18, 1990, the bankruptcy court granted Williams relief from the automatic stay under 11 U.S.C. § 362 to pursue his state action. However, an order was not formally entered and Lemons was discharged in bankruptcy on July 2, 1990.
 
 
 5
 Approximately five months later, on November 21, 1990, Williams filed a motion under 11 U.S.C. § 350 to reopen and for relief from the injunction under § 524 to proceed with his state court action against Lemons "only so that the liability of the Debtor [Lemons] might be established and recovery obtained from the Debtor's homeowners insurance company, Allstate Insurance." (Appellant's Brief at p. 7). Lemons filed an objection and, following several hearings, a final order denying Williams' motion was entered on March 24, 1991. Within its order, the bankruptcy court found:
 
 
 6
 [T]he court having listened to representations of counsel and having considered all pleadings and documents on file herein, and good cause appearing therefore, it is hereby ORDERED that Robert Lynn Williams' Motion to Reopen File and For Relief From Injunction Under Section 524 is denied.
 
 
 7
 On appeal to the district court, Williams alleged that the bankruptcy court erred in failing to grant him relief from injunction under § 524. Williams argued that § 524 allowed him to bring or continue an action directly against a debtor for purposes of establishing the debtor's liability where, as here, it was a prerequisite to recovery from another entity, an insurance company.
 
 
 8
 Lemons responded that Williams had notice of the bankruptcy proceedings and of the June 15, 1990, bar date but nevertheless failed to file a timely motion to modify the § 524 injunction. Lemons also responded that Williams waited for five months to file his § 350 motion to reopen and for relief and that he did not state any justification for his tardiness. Lemons argued that the bankruptcy court properly found that Williams had failed to demonstrate cause to reopen and that the bankruptcy court did not abuse its discretion in denying Williams' motion.
 
 
 9
 The district court, in its order affirming the bankruptcy court, found:
 
 
 10
 The order is brief, but it is clear that the court found that Williams did not show "good cause" why his motion should be granted, which amounts to a finding that sufficient grounds had not been shown to reopen the case under § 350(b) in order to modify the § 524 injunction. The pleadings and record before this court do not demonstrate that the bankruptcy court's factual findings are clearly erroneous.
 
 
 11
 On appeal, Williams contends that the district court erred in affirming the order of the bankruptcy court in general and in particular in concluding that he did not present sufficient grounds for re-opening the closed bankruptcy case, within the meaning of § 350(b).
 
 
 12
 Under § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The "phrase 'or for other cause' is a broad term which gives the bankruptcy court discretion to reopen a closed case or proceeding when cause for such reopening has been shown." Matter of Case, 937 F.2d 1014, 1018 (5th Cir.1991). In Virgin Islands Bureau of Internal Revenue v. St. Croix Hotel Corporation, 60 B.R. 412, 414 (D.V.I., 1986), the court observed:
 
 
 13
 It is beyond dispute that § 350(b) gives the bankruptcy court broad discretion in deciding whether to open a case....
 
 
 14
 Notwithstanding this discretion, a case should not be reopened "to relieve a party of the consequences of his own mistake or ignorance." ... Nor is good cause established by mere inattention or neglect.... It is well established, therefore, that discretion should be exercised only where a compelling reason for opening the case is demonstrated....
 
 
 15
 Our review of the bankruptcy court's decision to reopen an estate or proceeding is governed by the abuse of discretion standard. Matter of Case: In Re Smith, 125 B.R. 630, 631 (Bankr.E.D.Okla., 1991); In Re Fossey, 119 B.R. 268, 270 (D.Utah, 1990). Absent a clear showing that the court abused its discretion, the decision to grant or deny a motion to reopen under § 350 is binding on review. Virgin Islands Bureau of Internal Revenue v. St. Croix Hotel Corporation.
 
 
 16
 Applying these standards, we hold that the bankruptcy court's denial of Williams' § 350 motion, as affirmed by the district court, did not constitute an abuse of discretion.
 
 
 17
 Williams' motion failed to explain or set forth any reason or justification for his failure to file a motion for stay from the automatic stay order during Lemons' bankruptcy. As such, Williams failed to establish "cause" under § 350, i.e., "a compelling reason for reopening the case." Virgin Islands Bureau of Internal Revenue v. St. Croix Hotel Corporation.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3