Luther Oneal SUTTER, II *v.* Ed KING, Sheriff of Johnson County, His Agents, and His Securities

92-467                                        839 S.W.2d 218

Supreme Court of Arkansas
Opinion delivered October 26, 1992·

*Luther Sutter*, for appellant.

*Ralph C. Ohm* and *David H. White*, for appellees.

JACK HOLT, Jr., Chief Justice. Luther Oneal Sutter, II, pro se, brings this appeal to this court under Ark. Sup. Ct. R. 29(1)(c). We dismiss it because a denial of his motion for summary judgment by the trial court is not a final, appealable order as required by Ark. R. App. P. 2(a).

Luther Oneal Sutter, II (Sutter), sought to collect a judgment of $32,376.26 he claimed as assignee of his father, Dr. Luther Oneal Sutter, of Chatsworth, Georgia, who in turn was assignee of First National Bank of Chatsworth, Georgia, which had obtained judgment against Boyce and Sue West of Johnson County, Arkansas.

Mr. Sutter alleges that he followed the statutory procedure to obtain an execution on this judgment by the Sheriff of Johnson County, Ed King, but that because Sheriff King failed to return service in the prescribed time period, he missed the chance to collect the judgment before the Wests filed bankruptcy on November 15, 1991, and that he is entitled to judgment against Sheriff King.

Mr. Sutter sought to collect the judgment from the Sheriff King under Ark. Code Ann. 16-65-202(b)(1) (1987):

> (b) Judgments shall be rendered for plaintiffs in the following cases against the sheriff, coroner, or constable

receiving or executing the writ:

(1) For failing to return an execution; the amount of the judgment on which it was issued including all the costs and ten percent (10%) thereon.

In response to a motion for summary judgment filed by Mr. Sutter, the trial court entered an order stating:

Now on this 24th day of January, 1992, is presented to the Court the Verified Motion for Summary Judgment and Brief in Support Thereof, and from said motion, the response thereto, and other matters before the Court, the Court does hereby deny said motion.

This appeal followed.

■ We reaffirm our prior holdings that a denial of a summary judgment is not a final, appealable order and dismiss this appeal. Ark. R. App. P. 2; *Elliott* v. *Hurst*, 307 Ark. 134, 817 S.W.2d 877 (1991); *Rick's Pro Dive 'N Ski Shop, Inc.* v. *Jennings-Lemon*, 304 Ark. 671, 803 S.W.2d 934 (1991); *Malone & Hyde, Inc.* v. *West & Co.*, 300 Ark. 435, 780 S.W.2d 13 (1989); *Medical & Dental Credit Bureau, Inc.* v. *Lake Hamilton Bible Camp & Conference Grounds*, 291 Ark. 353, 724 S.W.2d 477 (1987); *Jaggers* v. *Zolliecoffer*, 290 Ark. 250, 718 S.W.2d 441 (1986); *Roberts Enters., Inc.* v. *Arkansas State Hwy. Comm'n*, 277 Ark. 25, 638 S.W.2d 675 (1982).

Appeal dismissed.