Paul Daniel WALTERS *v.* Carol Lynn WALTERS

CA 99-625 5 S.W.3d 76

Court of Appeals of Arkansas
Division IV
Opinion delivered December 1, 1999

*Walters, Hamby & Verkamp,* by: *Michael Hamby,* for appellant.

*Gean, Gean & Gean,* by: *David Charles Gean,* for appellee.

JOHN E. JENNINGS, Judge. This is an appeal from an order requiring appellant to pay $634.67 in past-due medical bills that were incurred on behalf of his children. Appellant's only issue on appeal is the argument that the trial court did not have jurisdiction to determine whether this obligation was dischargeable in bankruptcy. We affirm.

Appellant, Paul Daniel Walters, and appellee, Carol Lynn Walters, were divorced in Oklahoma. Pursuant to an order rendered in

that state, appellant was required to pay sixty-six percent of their children's medical, dental, and optometry expenses not covered by insurance. In conjunction with her application to register the foreign decree, appellee filed a motion for contempt, alleging that appellant had failed to reimburse her for his share of these costs.

As his defense, appellant contended that these expenses were incurred prior to his discharge in bankruptcy on June 19, 1998, and that the trial court lacked jurisdiction to determine whether this debt was dischargeable in bankruptcy. The trial court ruled that it had jurisdiction and that the costs associated with the children's medical expenses were in the nature of support and were not subject to discharge.

In this appeal, appellant does not question the trial court's decision that this was a nondischargeable debt. His sole argument is that the trial court lacked jurisdiction to make that determination. We disagree.

 Under 11 U.S.C. § 523(a)(5), debts to a former spouse for alimony, maintenance, or support are not dischargeable in bankruptcy. Unlike many other debts, those for alimony and support are not automatically discharged in the absence of an objection by the creditor. *Fortner v. Fortner*, 631 So.2d 327 (Fla. App. 1994). And, jurisdiction over the nondischargeability of debts under § 523(a)(5) is not exclusive in the bankruptcy courts. *In re Moralez*, 128 B.R. 526 (Bankr. E.D. Mich. 1991). Instead, state and federal bankruptcy courts have concurrent jurisdiction to determine whether a debt is excepted from discharge under § 523(a)(5). *In re Tremaine*, 188 B.R. 380 (Bankr. S.D. Ohio 1995). *See also In re Smith*, 125 B.R. 630 (Bankr. D. Utah 1991); *Manuel v. Manuel*, 238 S.E.2d 328 (Ga. 1977); *Loyko v. Loyko*, 490 A.2d 802 (N.J. Super. Ct. App. Div. 1985). Although appellant cites *In re Ramey*, 59 B.R. 527 (Bankr. E.D. Ark. 1986), and *Riley v. Riley*, 61 Ark. App. 74, 964 S.W.2d 400 (1998), those decisions do not hold to the contrary.

 There is no indication in the record that this matter was litigated in the bankruptcy proceeding. Based on the authorities above, the trial court had jurisdiction to decide this issue.

Affirmed.

ROBBINS, C.J., and STROUD, J., agree.