Leon REDING *v.* Dale WAGNER, Individually and
in His Official Capacity as County Judge

02–34                                          86 S.W.3d 386

Supreme Court of Arkansas
Opinion delivered October 24, 2002

*Appellant*, pro se.

*Duncan & Rainwater, P.A.*, by: *Michael Rainwater*, for appellee.

W H."Dub" Arnold, Chief Justice. This appeal involves the issue of whether a county judge has the authority, under Arkansas law, to alter the course of a county road. The circuit court found that a county judge does have said authority. We agree and affirm the circuit court.

On October 28, 1999, the Boone County Court, through County Judge Dale Wagner, entered Boone County Court Order No. 99-33, finding that "a portion of Maris Loop Road, should be changed, altered and relocated to provide a much safer county road which will require much less maintenance." The closed portion of Maris Loop Road was known as an old, narrow, and dangerous stretch of road. At trial, testimony was offered by appellant that the closed portion of Maris Loop Road was used on occasion when the ground was covered with ice or snow. The appellee offered testimony at trial proving to the trial judge's satisfaction that the county judge closed the old portion of the Maris Loop Road and substituted a new route for Maris Loop Road to: (1) provide a safer route for traffic; and (2) avoid the expense of maintaining two roads, both of which provided for travel between the same two points. Regarding the facts, the trial judge concluded: "[T]he evidence totally supports the proposition that those persons living on Maris Loop Road and those persons using Maris Loop Road on a daily basis, including school bus drivers, and the taxpayers of Boone County, are all better served by the relocated section of Maris Loop Road."

Appellant appeals the trial court's ruling and argues that the court erred in finding that a vacation of a road was a mere "change" which could be effectuated by compliance with the rules for changes to county roads. Appellant maintains that there is a specific statute providing procedures for the vacation of a county road, Ark. Code Ann. § 14-298-117 (1987), and that county officials are legally obligated to follow those specific procedures in cases in which a county road is to be vacated. Appellee contends, and the trial court found, that there was no "vacation" of a county road, rather a "change" or "altering" and that, as such, all applicable law was followed, and the county judge did have the authority to do what he did in regard to Maris Loop Road. Appellee asserts that the trial court should be affirmed. We agree.

## I. Standard of Review

In bench trials, the standard of review on appeal is not whether there is any substantial evidence to support the finding of the court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Shelter Mutual Insurance Co. v. Kennedy,* 01-329, (December 6, 2001); *Schueck v. Burris,* 330 Ark. 780, 957 S.W.2d 702 (1997). With respect to a question of statutory interpretation, we review the matter *de novo* on appeal, as it is for this Court to decide what a statute means. *Wal-Mart Stores, Inc. v. The P.O. Mkt., Inc.,* 347 Ark. 651, 66 S.W.3d 620 (2002); *Fewell v. Pickens,* 346 Ark. 246, 57 S.W.3d 144 (2001); *Hodges v. Huckabee,* 338 Ark. 454, 995 S.W.2d 341 (1999).

## II. Applicable Law

The trial judge found that Ark. Code Ann. § 14-298-120 (1987) was controlling and was neither in conflict with Amendment 55 to the Arkansas Constitution, relied upon by appellee, nor § 14-298-117, relied upon by appellant. The trial court found that § 14-298-120 gave the county judge the authority to change the route of Maris Loop Road, even if Amendment 55

had never been adopted, and that § 14-298-117 simply did not apply in this case. We agree.

Section 3 of Amendment 55 to the Arkansas Constitution, entitled "Power of county judge"states:

> The County Judge, in addition to other powers and duties provided for by the Constitution and by law, shall preside over the Quorum Court without a vote but with the power of veto; authorize and approve disbursement of appropriated county funds; *operate the system of county roads*; administer ordinances enacted by the Quorum Court; have custody of county property; hire county employees, except those persons employed by other elected officials of the county. (Emphasis added.)

Arkansas Code Annotated § 14-298-120, entitled "Opening, changing, and classifying roads, etc. by order of county court," which the trial judge found to be the controlling statute in this case, states, in pertinent part:

(a)(1) The county courts shall have power to:

(A) Open new roads;

(B) *Make changes in old roads as they deem necessary and proper;* and

(C) Classify the roads and bridges in their respective counties for the purposes of this section and 27-67-212

(2) When the change shall be made or any new road opened, the road shall be located on section lines as nearly as may be, taking into consideration the conveniences of the public travel, contour of the country, etc. First class roads hereafter established or opened shall not be less than fifty feet (50') wide.

(3) An appropriate order of the county court shall be made and entered of record therefor.

* * *

(l) This section and 27-67-212 shall be cumulative to all existing laws and parts of laws, and shall not be construed as to repeal any existing laws, or part of laws, unless they are in conflict herewith, and then only to the extent of the conflict.

[Emphasis added.]

Finally, Ark. Code Ann. § 14-298-117, entitled "Vacation of road," and relied upon by appellant, states:

> (a) When any county road, or any part of any county road, shall be considered useless, any ten (10) citizens residing in that portion of the county may make application by petition agreeable to 14-298-124 to the county court to vacate the road, setting forth in the petition the reason why the road ought to be vacated, which petition shall be publicly read at a regular session of the county court, with the proof of notice and publication required by this chapter. No further proceedings shall be had thereon until the next regular session of the court.
>
> (b) If no objections are made and filed, the county court may declare the road vacated, or any part thereof that it may deem necessary.
>
> (c) If objection is made in writing, the county court shall appoint three (3) viewers to view the road who shall proceed, after taking the oath or affirmation required by this chapter, to view the road as aforesaid and make written report of their opinion thereon, and their reason for the opinion, to the county court. If the viewers shall report in favor of vacating the road, or any part thereof, the court, if it deems the report reasonable and just, may declare the road, or any part thereof, vacated, agreeable to the report of the viewers.
>
> (d) The costs thereof and expenses incident thereto shall be paid by the petitioners unless the county court shall order the costs and expenses paid out of the county treasury.

## III. Merits

The road in question was clearly not "vacated" in this case. The county judge's order makes clear that it was "changed," thereby invoking § 14-298-120, not § 14-298-117. The county judge's order regarding Maris Loop Road specifically states:

> That a portion of Maris Loop Road that is west of the Fowler Dairy Road should be *changed, altered and relocated* to pro-

vide a much safer county road which will require much less maintenance. That there are no residences on the portion of the road that is being *changed, altered and relocated*. That all property owners adjoining the portion of the Maris Loop [R]oad that is being *changed and altered* have agreed with the *relocation*. (Emphasis added.)

The order goes on to state the specific plat to which the road is to be relocated. From a plain reading of the county judge's order, it is evident that the road was not "vacated" as contemplated by Ark. Code Ann. § 14-298-117; as such, that section of the Code simply does not apply to this situation. Certainly, under Ark. Code Ann. § 14-298-120(a)(1)(B), the county judge had the authority to "make changes in old roads," which is what Judge Wagner did in this situation. This was the finding of the trial court, and we affirm that decision.

█ A county judge's executive authority, under Amendment 55, Section 3, and under Ark. Code Ann. § 14-298-120, to make changes in the routes of old county roads is not negated by Ark. Code Ann. § 14-298-117. Section 14-298-117 is merely a procedure whereby any ten citizens *may* make application by petition asking the county judge to *vacate* a road, and it in no way conflicts with Ark. Code Ann. § 14-298-120.

█ In short, county judges in Arkansas are given the executive power to make discretionary decisions regarding the operation of the system of county roads. We, therefore, hold that the trial court did not err when finding that there was no evidence of abuse or misuse of the county judge's discretion in this case wherein the county judge ordered that the road in question be "changed, altered and relocated." We affirm.

Affirmed.