CROOKED CREEK, III, INC., and J.L. Clements Construction, Inc. *v.* CITY of GREENWOOD, EHP Corporation, and Joe Siegmund

02-1136 101 S.W.3d 829

Supreme Court of Arkansas
Opinion delivered April 3, 2003

*Pryor, Robertson & Barry, PLLC*, by: *Kenneth W. Cowan*, for appellant.

*Walters, Hamby & Verkamp*, by: *Michael Hamby*, for appellee/cross-appellant City of Greenwood.

*Warner, Smith & Harris, PLC*, by: *Joel D. Johnson*, for cross-appellee EHP Corporation.

JIM HANNAH, Justice. Crooked Creek, III, Inc. ("Crooked Creek"), appeals an order of summary judgment entered in favor of EHP Corp. ("EHP"), and a judgment entered in favor of the City of Greenwood ("the City") and Joe Siegmund. Crooked Creek argues that the trial court erred in finding that under the doctrine of *res judicata*, an order of dismissal without prejudice on a motion for nonsuit barred suit later on the same issues. The City cross-appeals, alleging that the trial court erred in finding a contract existed between the City and Crooked Creek. Finally, Crooked Creek moves for costs on appeal.

We hold that the 1999 order of dismissal without prejudice does not constitute an order definitely and finally settling and determining the issues on the merits. Therefore, *res judicata* does not apply. The trial court's finding that *res judicata* barred suit is reversed, as are the consequent findings by the trial court that the cross-claim against EHP was barred by *res judicata*, and that the action against Siegmund was barred by estoppel based on the finding of *res judicata*. Because we hold that *res judicata* does not bar suit, we need not address the issues of a contract between Crooked Creek and the City or any breach of a contract. Any ruling on the existence of a contract would have no effect in this case because the 1999 order of dismissal does not bar suit, and, therefore, the City could not have breached any contract by agreeing to the 1999 order of dismissal. Crooked Creek's motion for costs is granted.

*Facts*

In 1995, developers Crooked Creek and J.L. Clements Construction Co. (Clements) constructed a fifteen-inch gravity-fed sewer line that was larger than required to serve the subdivision that was being built. In building the fifteen-inch sewer line, an existing six-inch forced sewer line was abandoned. Crooked Creek asserts that the City wanted a larger sewer to accommodate future development in the area. There was also evidence that Crooked Creek anticipated undertaking future development in the area and wanted the larger sewer line to facilitate its future activities. Crooked Creek alleges, however, that the larger sewer line was constructed pursuant to an agreement with the City, and that as a part of the agreement, the City was to collect future tie-

on fees and pass those fees on to Crooked Creek and Clements as compensation for constructing the larger sewer line. As evidence of this agreement, Crooked Creek offers three ordinances passed by the City providing for collection of the tie-on fees and distribution of the collected fees to Crooked Creek and Clements.

EHP owned property that was tied on to the new sewer line installed by Crooked Creek and Clements. Siegmund purchased a portion of the property initially owned by EHP. In 1999, the City began to collect tie-on fees. However, EHP and Siegmund refused to pay the tie-on fees, arguing that its property was not covered by the ordinances, and that the ordinances were invalid. Nonetheless, the City continued to seek the tie-on fees from EHP and Siegmond. EHP responded by threatening suit. The City then reconsidered EHP's claims and determined that EHP's property was not subject to the ordinances. When the City notified EHP of the decision that the ordinances did not apply to its property, counsel for EHP informed the City that suit had already been filed. However, because of the decision that the ordinances did not apply to its property, EHP agreed to nonsuit its action. EHP filed a motion for nonsuit. An order of dismissal was filed on the nonsuit which provided not only that the action was dismissed without prejudice, but also included the parties' agreement that the City's ordinances did not apply to EHP's property.

After the nonsuit, Crooked Creek began pressuring the City to collect the tie-on fees. The City then filed the present declaratory judgment action seeking a determination of the court regarding the enforceability and applicability of the ordinances. EHP answered asserting *res judicata* based on the order dismissing the 1999 suit. Siegmund answered arguing that he also enjoyed the benefit of the 1999 dismissal because his property was purchased from EHP and was part of the property covered by the 1999 dismissal. Crooked Creek cross-claimed against EHP and Siegmund for the amount of the tie-on fees Crooked Creek alleged EHP and Siegmund owed, and against the City for breach of contract.

EHP filed a motion for summary judgment alleging that the 1999 order of dismissal conclusively established that the ordinances did not apply to EHP. The trial court agreed and granted summary judgment to EHP based on *res judicata*. The remainder of the case was then tried to the court and the trial court found that because

Siegmund purchased its property from EHP, the City was estopped from seeking tie-on fees from Siegmund because the finding of *res judicata* in favor of EHP inured to Siegmund's benefit. The trial court further found no breach of contract by the City.

Crooked Creek alleges several points on appeal. Crooked Creek first alleges that the trial court erred in finding that the declaratory relief action was barred by *res judicata*. Crooked Creek's remaining four points assert trial error in finding the cross-claim against EHP was barred, trial error in concluding Siegmund was not subject to the tie-on fees based on estoppel, trial error in finding the City did not breach its agreement with Crooked Creek in entering into a dismissal compromising Crooked Creek's right to tie-on fees, and trial error in finding that the counterclaim against the City for *quantum meruit* was without merit. The City asserts trial error in finding a contract exists between Crooked Creek and the City.

### Standard of Review

This case comes to this court by a petition for review. When this court grants a petition to review a decision by the court of appeals, this court reviews the appeal as if it had been originally filed in this court. *Lewellyn v. Lewellyn*, 351 Ark. 346, 93 S.W.3d 681 (2002).

This case was decided partially on summary judgment and partially by bench trial. Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002); *Baldridge v. Cordes*, 350 Ark. 114, 85 S.W.3d 511 (2002). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact. *Spears, supra.* In bench trials, the standard of review on appeal is not whether there is any substantial evidence to support the finding of the court, but whether the judge's findings were clearly erroneous or clearly against the pre-

ponderance of the evidence. *Reding v. Wagner*, 350 Ark. 322, 86 S.W.3d 386 (2002).

## Res Judicata

We must first consider the effect of an order dismissing the action by EHP against the City that both dismisses the case without prejudice, and also purports to provide judicial sanction to an agreement by the parties that the ordinances passed by the City to collect tie-on fees do not apply to EHP's property. The question presented is whether the language purporting to provide judicial sanction to the agreement of the parties is to be given *res judicata* effect where the order dismisses the case without prejudice.

■ ■ In *JeToCo Corp. v. Hailey Sales Co.*, 268 Ark. 340, 596 S.W.2d 703 (1980), this court stated:

> *Res judicata* means a thing or matter that has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction. *Knutson v. Ekren, supra.* Freely translated, it means "the matter has been decided," *Hastings v. Rose Courts, Inc.*, 237 Ark. 426, 373 S.W.2d 583. *See also, Hammond v. State*, 244 Ark. 186, 424 S.W.2d 861, *cert. den.* 393 U.S. 839 (1968).

*JeToCo*, 268 Ark. at 346.

However, the law is well settled that a dismissal without prejudice is not an adjudication on the merits and will not bar a subsequent suit on the same cause of action. *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001); *Magness v. McEntire*, 305 Ark. 503, 808 S.W.2d 783 (1991); *Benedict v. Arbor Acres Farm, Inc.*, 265 Ark. 574, 579 S.W.2d 605 (1979); *Forschler v. Cash*, 128 Ark. 492, 194 S.W. 1029 (1917).

■ ■ Where a dismissal is with prejudice, it is conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. *Hicks v. Allstate Ins. Co.*, 304 Ark. 101, 799 S.W.2d 809 (1990); (quoting *Union Indem. Co. v. Benton County Lumber Co.*, 179 Ark. 752, 18 S.W.2d 327 (1929)). The words "with prejudice," when used in an order of dismissal, "have a definite and well known meaning; they indicate

that the controversy is thereby concluded." *Harris v. Moye's Estate*, 211 Ark. 765, 767, 202 S.W.2d 360 (1947).

 The order plainly states that the cause of action is dismissed without prejudice. The controversy was not concluded by the order. Therefore, the order is not an adjudication on the merits and will not support a plea of *res judicata*. EHP, however, asserts that the order is more than a dismissal because it contains the agreement of the parties in settling the dispute. As the court of appeals stated in *Brandon v. Arkansas Western Gas Co.*, 76 Ark. App. 201, 61 S.W.3d 193 (2001), "*Res judicata* will apply to a settlement agreement after it is approved by the court and the case is dismissed with prejudice." *Brandon*, 76 Ark. App. at 210.

 EHP also argues that the order on the dismissal should be construed to be a consent judgment. A consent judgment is a judgment sanctioned by the court, but one that is comprised of terms and provisions agreed to by the parties. *Selig v. Barnett*, 233 Ark. 900, 350 S.W.2d 176 (1961). Consent excuses error and ends all contention between the parties. *Vaughan v. Brown*, 184 Ark. 185, 40 S.W.2d 996 (1931); (citing *Schmidt v. Oregon Gold Mining Co.*, 28 Ore. 9, 40 Pac. 406 (1895)). It leaves nothing for the court to do, but to enter what the parties have agreed upon, and when so entered, the parties themselves are concluded. *Id.* However, as already discussed, the order provides that the cause of action was dismissed without prejudice. We also note that EHP's motion was captioned, "Motion for Nonsuit." Therefore, the contention between the parties was not concluded by the order, and the order could not be a consent judgment.

 Finally, Crooked Creek has moved for costs on appeal. Costs on appeal are largely within the sound discretion of the reviewing court. *Grable v. Grable*, 307 Ark. 410, 821 S.W.2d 16 (1991). The motion for costs is granted in the amount of $2322.90.

Reversed and remanded.

CORBIN, J., not participating.