Marvin COBB *v.* Charles LEYENDECKER

CA 04-427 200 S.W.3d 924

Court of Appeals of Arkansas
Opinion delivered January 12, 2005

*Meeks Law Firm*, by: *Roy E. Meeks*, for appellant.

*Scott Manatt*, for appellee.

WENDELL L. GRIFFEN, Judge. Marvin Cobb appeals from a judgment in favor of Charles Leyendecker in a breach of contract dispute. He argues that Leyendecker's contract action was barred by both the statute of frauds and the statute of limitations. We hold that Cobb's partial performance takes the contract out of the statute of frauds; however, we hold that the applicable statute of limitations bars Leyendecker from recovering for the full amount on his claim. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

On January 28, 2002, Leyendecker filed a complaint against Cobb, alleging that Cobb owed money on a $25,000 loan. The alleged agreement stated that Cobb would pay Leyendecker $25,000 plus $2000 in interest over a five-year period at the rate of $400 per month. It was further agreed that the money would be paid by depositing it into Leyendecker's bank account at Corning Savings & Loan. Leyendecker attached an affidavit to his complaint stating the terms of the agreement, a photocopy of a cashier's check in the amount of $25,000 payable to Cobb, and a computer document showing deposits and withdrawals from the account, several of which are deposits of $400. Cobb answered by denying the allegation and affirmatively pleading that Leyendecker was barred from recovery by both the statute of frauds and the statute of limitations. Cobb later moved for judgment on the pleadings, pursuant to Ark. R. Civ. P. 12, arguing only the statute-of-frauds defense. Leyendecker replied to the motion by arguing that the statute of frauds had been satisfied.

The parties had a hearing, where a copy of the cashier's check, Leyendecker's bank statement, and another copy of the check with Cobb's endorsement on the back were entered into evidence. This converted the motion on the pleadings to a motion for summary judgment. *See* Ark. R. Civ. P. 12(c). After hearing arguments from counsel, the court denied Cobb's motion for summary judgment and entered an order on April 25, 2002. No other proceedings were held in this case. Then, on January 6, 2004, the court entered judgment in favor of Leyendecker. The court stated in the judgment, "[T]he court upon consideration of its prior rulings herein finds that there existed a contract between the parties and that Plaintiff is entitled to judgment in the sum of $20,800.00, which sum is undisputed." This appeal followed.

■■ Before getting to the merits of the appeal, we must first address whether this case is properly before us. Leyendecker argues that Cobb is appealing from a denial of a summary judgment, which we are without power to review. *See Amalgamated Clothing & Textile Workers Int'l Union v. Early Industries, Inc.*, 318 Ark. 524, 886 S.W.2d 594 (1994). However, Cobb is not asking this court to review the denial of summary judgment; rather, he is asking this court to review the January 6, 2004 judgment in favor of Leyendecker, a reviewable final judgment. Leyendecker also asserts that the January 6, 2004 judgment is a consent judgment, which we are also without power to review. *See Crooked Creek, Ill., Inc. v. City of Greenwood*, 352 Ark. 465, 101 S.W.3d 829 (2003).

Cobb denies that the judgment was a consent judgment, and we find nothing in the record indicating that it was. It is unclear whether Leyendecker is arguing that Cobb consented to the judgment because he agreed to the *form* of the order. If this is the case, then we now emphatically declare that agreeing to the form of a judgment in no way creates a consent judgment. These preliminaries aside, we reach the merits of the appeal.

Cobb argues that Leyendecker's action against him was barred by the statute of frauds. In denying Cobb's motion for summary judgment, the trial court ruled that the contract was taken out of the statute of frauds by admission of the debt and by the writing in the case.[1] We need not determine whether the cashier's check constitutes a writing sufficient to satisfy the statute of frauds because it is settled law that an oral agreement can be taken out of the statute of frauds if the making of the oral contract and its performance is proven by clear and convincing evidence. *Dolphin v. Wilson*, 328 Ark. 1, 942 S.W.2d 815 (1997), *appeal after remand*, 335 Ark. 113, 983 S.W.2d 113 (1998); *Pfeifer v. Raper*, 253 Ark. 438, 486 S.W.2d 524 (1972). Clear and convincing evidence "is evidence by a credible witness whose memory of the facts about which he testifies is distinct, whose narration of the details is exact and in due order, and whose testimony is so direct, weighty, and convincing as to enable the fact-finder to come to a clear

---

[1] The relevant statute of frauds provisions, codified at Ark. Code Ann. § 4-59-101 (Repl. 2001), are as follows:

(a) Unless the agreement, promise, or contract, or some memorandum or note thereof, upon which an action is brought is made in writing and signed by the party to be charged therewith, . . . no action shall be brought to charge any:

\* \* \*

(6) Person upon any contract, promise, or agreement that is not to be performed within one (1) year from the making of the contract, promise, or agreement.

\* \* \*

(d)(1) No action may be maintained by or against any person or entity on any agreement to extend credit or to renew or modify existing credit in an amount greater than ten thousand dollars ($10,000) or to make any other accommodation relating to such credit, unless the agreement is in writing and is signed by the party to be charged with the agreement . . . .

conviction, without hesitation, of the truth of the facts related." *Stewart v. Stewart*, 72 Ark. App. 405, 408, 37 S.W.3d 667, 669 (2001).

 In his responses to requests for admissions, Cobb admitted that he accepted a $25,000 check, dated August 18, 1995, from Leyendecker, that he "bought and purchased a vehicle and trailer with the proceeds of said loan," and that he made payments by way of direct deposits into Leyendecker's account at Corning Savings & Loan. Rule 36(b) of the Arkansas Rules of Civil Procedure provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *See also Jocon, Inc. v. Hoover*, 61 Ark. App. 10, 964 S.W.2d 213 (1998) (finding error when the court credited $2,519.10 against damages when the parties stipulated by requests for admissions that the amount was $5000).[2] There is also a cashier's check in the amount of $25,000, endorsed by Cobb. In light of this evidence, we hold that Cobb's partial performance removes this contract from the statute of frauds. Once a court determines that a contract can be taken out of the statute of frauds, parol evidence may be used to supply missing terms. *F&M Building Partnership v. Farmers & Merchants Bank*, 316 Ark. 60, 871 S.W.2d 338 (1994).[3] These additional terms can be found in Leyendecker's affidavit.

 Next, Cobb argues that Leyendecker's action was barred by the applicable statute of limitations. At issue is whether the trial court should have applied the three-year limitations period for oral agreements under Ark. Code Ann. § 16-56-105 (1987) or the five-year limitations period for written agreements

---

[2] In other responses to requests for admissions, Cobb denied that he borrowed the $25,000 from Leyendecker and that he agreed to pay $2000 in interest over a period of time. This seems to contradict other reponses; however, Ark. R. Civ. P. 36(b) only addresses admitted responses.

[3] Our supreme court stated in *F&M Bldg. Partnership, supra*:

> Normally, parol evidence is inadmissible when there is a written agreement; however, the test for its admissibility is whether the evidence offered tends to alter, vary, or contradict the written agreement, or whether it tends to prove a part of the agreement about which the writing is silent. In the former instance, the testimony is inadmissible; in the latter, it is allowed.

*Id.* at 68-69, 871 S.W.2d at 343.

under Ark. Code Ann. § 16-56-111 (Supp. 2003). The only writings in this case are the check and the transaction record at the Corning Savings & Loan. Neither party devotes much argument as to whether these documents constitute a writing; however, Leyendecker's affidavit stated that he had "a verbal agreement" with Cobb "to repay the check and the interest based on the principal and interest total of $27,000.00." In light of these factors, we hold that there was no written agreement between the parties. Consequently, the three-year statute of limitations is applicable.

■ However, Leyendecker is not barred from collecting the entire debt. The parties did not agree to accelerate payment of the remaining balance of the debt upon Cobb's default. Arkansas law states that when an obligation is made payable by installments, the statute of limitations runs against each installment as it becomes due and unpaid. *See Karnes v. Marrow*, 315 Ark. 37, 864 S.W.2d 848 (1993); *Riley v. Riley*, 61 Ark. App. 74, 964 S.W.2d 400 (1998). Without an acceleration clause, a cause of action does not arise for future payments until they become due and unpaid. Applying the three-year statute of limitations, any obligation due prior to January 28, 1999, cannot be enforced, but Leyendecker is entitled to pursue any money owed after that date. Therefore, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ROBBINS, BAKER, and ROAF, JJ., agree.

BIRD and CRABTREE, JJ., dissent.

TERRY CRABTREE, Judge, dissenting. I respectfully dissent from the majority's opinion. I believe that this case should be dismissed because appellant is seeking review of issues denied by way of summary judgment.

The majority's statement that appellant is asking this court to review the January 6, 2004, judgment rather than the trial court's denial of a motion for summary judgment is disingenuous. In truth, the issues on appeal revolve solely around the matters addressed in the denial of the motion for summary judgment. With that in mind, I treat this case as one involving the denial of a motion for summary judgment.

Appellant contends on appeal that the trial court erred in denying its motion for summary judgment on both the issues of statute of limitations and statute of frauds. However, it is a

well-settled principle of Arkansas law that a trial court's order denying a motion for summary judgment is neither reviewable nor appealable. *See Gibson Appliance Co. v. Nationwide Ins. Co.*, 341 Ark. 536, 20 S.W.3d 285 (2000); *Ozarks Unlimited Resources Coop., Inc. v. Daniels*, 333 Ark. 214, 969 S.W.2d 169 (1998). Arkansas appellate courts have repeatedly refused to address arguments where the effect of doing so is tantamount to reviewing the denial of a motion for summary judgment. *See Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). For us to review the underlying basis of the denial of a motion for summary judgment, in this instance, the statute-of-limitations issue or the statute-of-frauds issue, would make meaningless the settled law that we will not review a denial of a motion for summary judgment. *See Ball v. Foehner*, 326 Ark. 409, 931 S.W.2d 142 (1996).

After his motion for summary judgment was denied, appellant failed to make any motion or obtain a ruling whereby he could preserve the issues of statute of limitations or statute of frauds. In fact, appellant agreed to allow the trial court to decide the merits of the case on the record without any further hearings or pleadings. By doing so, and without any effort to preserve the substance of the issues raised in his motion for summary judgment, appellant failed to keep his issues of statute of limitations and statute of frauds alive. *See Ball, supra.*

As a result, we should not reach the merits of appellant's contentions. Accordingly, I believe that we must dismiss. *See Sutter v. King*, 310 Ark. 681, 839 S.W.2d 218 (1992).

I am authorized to state that Judge Bird joins in this opinion.

BIRD, J., joins.