## BAILEY *v.* FORD.

Opinion delivered January 28, 1918.

1. INNOCENT PURCHASER—NOTICE.—Appellant purchased property to which a deed had previously been given, but *held* under the facts in proof that appellant was an innocent purchaser.

2. LIS PENDENS—RULES GOVERNING.—The purpose of the rule of *lis pendens* is to prevent the alienation of property which is the subject of litigation during the pendency of the suit, and by so doing to give full effect to any decree or judgment which might be rendered in the case in favor of the party filing the *lis pendens*. A *lis pendens* is not actual notice to any one who does not know the contents, by inspection or otherwise. A purchaser of the property during the pendency of the suit, under a *lis pendens,* is constructively bound by the decree or judgment rendered in the case in favor of the party filing the same, and no further; the purchaser is not constructively bound by the claims of a party to a suit who filed no *lis pendens* setting forth the claim; nor is a purchaser bound constructively under a *lis pendens* beyond the life of the suit.

Appeal from Prairie Chancery Court, Northern District; *John M. Elliott,* Chancellor; reversed.

*Geo. M. Chapline,* for appellant.

1. Bailey was an innocent purchaser and had no notice of Ford's claim, actual or constructive. Nor is he affected by the *lis pendens.* 25 Cyc. 1469-70; 2 L. R. A. 50; 25 Cyc. 1470; Am. Cas. 1915 C. 15; Kirby's Digest, § 5149; 21 A. & E. Enc. Law 646; 40 Am. St. 354; 7 A. & E. Ann. Cases 1090; 105 Ky. 63; 12 Pac. 537; 131 Ill. 376; 73 *Id.* 477; 2 Devlin on Deeds, § 799.

*Chas. A. Walls* and *W. A. Leach,* for appellee.

Bailey was not an innocent purchaser. 39 Cyc. 1687-8; 95 Ark. 582; 200 U. S. 321. The burden was on him to prove good faith. 103 Ark. 425; 80 *Id.* 86; 75 *Id.* 228. He had actual notice. 39 Cyc. 1783.

2. He had constructive notice by *lis pendens.* 25 Cyc. 1480; 118 Ark. 144; 57 *Id.* 229; 57 *Id.* 97; 36 *Id.* 217; 31 *Id.* 491; 12 *Id.* 564; 123 *Id.* 536; 122 *Id.* 445; 50 *Id.* 323; 2 Devlin Deeds, § 792; 70 Ark. 260. See also, 14 Cyc. 391; Kirby's Digest, § 5083; 107 Ark. 353; 105 *Id.*

86; 5 Allen (Mass.) 377, as to dismissal of suit and bring-
ing another within the year.

HUMPHREYS, J.   Appellee instituted suit in the
Prairie chancery court against R. L. Wilson and J. A.
Diffee on the 5th day of February, 1912, to restore a lost
deed to the following described real estate  in Prairie
County, Arkansas, towit:    Northeast quarter of the
northeast quarter; west one-half of the northeast quar-
ter and the northwest quarter of the southeast quarter,
all in section 18, township 4 north, range 7 west, contain-
ing 160 acres, and to partition same between Diffee and
himself in the proportion of one-half to each, in which it
was alleged that he and Diffee procured title to said real
estate on October 16, 1909, under a deed from Wilson and
wife.   When the suit was commenced a *lis pendens* was
filed.   In the spring of 1914, appellee filed an amended
bill in substance the same as the original, with the ad-
ditional allegation that R. L. Wilson had conveyed said
real estate to C. C. Bailey on November 3, 1911.   Bailey
was made a party to this amended bill and his deed sought
to be canceled upon the allegation that he bought the
land with notice of appellee's interest therein.   Bailey
filed an answer, claiming title in himself under deed of
November 3, 1911, from R. L. Wilson and wife, and deny-
ing that he bought with notice of appellee's interest.
This suit was dismissed against C. C. Bailey for the want
of prosecution with leave to appellee's attorney to rein-
state same at the next term of court.   An amended bill
was again filed on October 16, 1915, in substance the same
as the former bills, to which an answer was filed by C. C.
Bailey, asserting that he purchased said real estate No-
vember 3, 1911, without actual or constructive notice that
appellee had any claim or right thereto, and had imme-
diately entered into possession of the premises and con-
tinued in the possession and paid the taxes since that
time.   M. J. Bailey was made a party on the suggestion
that C. C. Bailey had conveyed the property to her.

This cause was submitted to the chancellor on the issue of whether C. C. Bailey was an innocent purchaser under the pleadings and evidence, from which the chancellor found that C. C. and Maggie J. Bailey were in possession of facts sufficient to put them upon inquiry as to the appellee's title, and that they were not innocent purchasers. Based upon that finding and the further findings that appellee owned an undivided one-half interest and the Baileys the other one-half interest in said land, same not being susceptible of division in-kind, and that the deed from R. L. Wilson and wife to Ford had been lost and destroyed, rendered a decree establishing the lost instrument and partitioning and ordering the sale of said real estate.

An appeal has been prosecuted from the findings and decree of the chancery court and same is before us for trial *de novo.*

The record revealed with certainty that R. L. Wilson and wife conveyed the lands in question to J. D. Diffee and J. P. Ford on October 16, 1909, for a right to sell washing powder in Alabama; that Diffee and Ford were partners in the patent territorial right conveyed to Wilson in exchange for his lands; that on June 27, 1911, Wilson brought suit against J. D. Diffee and J. P. Ford to cancel the deed of conveyance aforesaid for fraud; that a *lis pendens* was filed when the suit was commenced; that service was had upon both Diffee and Ford, and that neither answered the complaint; that the case was settled by a reconveyance of the lands to R. L. Wilson by J. D. Diffee on July 8, 1911, and the reconveyance of the patent territorial right of Wilson to Diffee at the same time; that the suit was abandoned and dismissed; that on November 3, 1911, R. L. Wilson sold and conveyed the same lands to C. C. Bailey for $2,000 in merchandise; that the land had a house on it with a garden fenced in, which appellee had cleaned out, and that the grass lands adjoining were not fenced but that beginning with the

year 1912 or 1913, he cut the grass on the unenclosed lands and manufactured same into hay for sale; that on and after the date of his purchase he paid the taxes on said real estate; that appellee instituted the original suit in this case and filed a *lis pendens* on April 5, 1912; that C. C. Bailey filed his deed to said lands for record on April 9, 1912, and after filing his deed, was made a party to this suit.

Appellee testified that about a month after he and Diffee acquired the land he tried to get C. C. Bailey, who was a real estate agent, to sell the land for him; that he never described the land to Bailey nor told him from whom they purchased it, nor designated it in any particular way, but that he told him where it lay; that Bailey refused to take it for sale, saying that he was not doing business east of Ward.

C. C. Bailey testified that he had no such conversation with appellee; that the first information he had that Diffee and Ford had obtained a deed from R. L. Wilson, on October 16, 1909, was after service had been obtained on him in this suit; that then Wilson told him the matter had been settled and gave him the deed in which Diffee had reconveyed the lands to Wilson.

J. A. Leach, abstracter, testified that C. C. Bailey employed him to make an abstract of the 160 acres in question and at the time he informed him of the pendency of the partition suit and the filing of a *lis pendens* therein; that Bailey responded that he knew of the *lis pendens* and cared nothing about it as the matter had been settled; that Bailey instructed him not to show the *lis pendens* in the abstract and for that reason it was left out.

The date of this conversation is not definitely fixed, but it is quite apparent from the record that it was in reference to the *lis pendens* filed in aid of appellee's suit to restore his lost deed, and not to the *lis pendens* filed

by Wilson in aid of the suit to cancel his deed to Diffee and Ford as fraudulent.

Bailey also denied having such a conversation with Leach.

It is insisted by appellant that the evidence is not sufficient upon which to base a finding that Bailey had actual notice of the conveyance from R. L. Wilson and wife to J. D. Diffee and J. P. Ford, at the time he purchased the land on November 3, 1911. The testimony of appellee concerning the conversation he had with Bailey in relation to selling the place is not sufficiently definite and certain to carry notice to Bailey that he and Diffee were the owners of the particular tract of land in question. We do not understand from his evidence that he did more than inform Bailey in a general way where the land lay. He did not describe it particularly nor designate it by name or otherwise. The conversation occurred, if at all, about two years before Bailey's purchase and was a casual conversation relating to his ownership in a tract of land in a certain locality, and not to any particular tract of land.

Nor do we think the conversation with the abstracter sufficient to show that Ford had any interest in the real estate in question prior to his purchase thereof on November 3, 1911. As we understand it, the conversation referred to a *lis pendens* notice which had been filed in the partition suit by Ford when he commenced the original action in this case on April 5, 1912, and did not concern any transaction prior to the purchase of the land by Bailey from Wilson on November 3, 1911. We do not understand from the abstracter's testimony that he went into detail and informed Bailey that Ford claimed or had an interest in the real estate in question. The positive evidence and circumstances in this case fail to convince us that C. C. Bailey had actual notice of Ford's deed prior to his own purchase of the real estate. We think a

clear preponderance of the evidence shows to the contrary.

Again, it is contended by appellant, C. C. Bailey, that his purchase of the land was not affected by the *lis pendens* filed by R. L. Wilson on June 27th, 1911, when he brought suit to cancel his deed to J. D. Diffee and J. P. Ford of date October 16, 1909; nor by the *lis pendens* filed by appellee when he brought suit on April 5, 1912, to restore his lost deed and partition the land.

The rule of *lis pendens* and its effect was a subject of decision by this court in the recent case of *Cherry v. Dickerson,* 128 Ark. 572. The purpose of the rule is to prevent the alienation of property which is the subject of litigation during the pendency of the suit, and by so doing to give full effect to any decree or judgment which might be rendered in the case in favor of the party filing the *lis pendens.* A *lis pendens* is not actual notice to any one who does not know the contents, by inspection or otherwise. A purchaser of the property during the pendency of the suit under a *lis pendens* is constructively bound by the decree or judgment rendered in the case in favor of the party filing the *lis pendens,* and no further. The purchaser is not constructively bound by the claims of a party to a suit who filed no *lis pendens* setting forth the claim. Nor is a purchaser bound constructively under a *lis pendens* beyond the life of the suit. It was said in the case of *Cherry* v. *Dickerson, supra:* "The authorities are practically in accord in holding that after the dismissal or abandonment of an action, without express reservation, the *lis pendens* does not continue as constructive notice so as to affect the rights of parties intervening between the dismissal or abandonment and reinstatement or commencement of the action anew."

In the instant case, the first *lis pendens* relied upon to constructively bind the Baileys is the one filed by R. L. Wilson in aid of his suit to cancel his deed he executed

to J. D. Diffee and J. P. Ford. Ford, appellee in the case at bar, was a party defendant in that case and was served with process. He claimed no right to the property by answer or under the *lis pendens.* The suit was settled and dismissed by Wilson conveying the territorial patent right to J. D. Diffee and in consideration thereof, J. D. Diffee reconveying the land in question to R. L. Wilson. The deed in settlement was dated July 8, 1911. Wilson did not buy until nearly four months after the date of the deed executed in settlement of the suit. While the record does not show the date of the dismissal, it clearly follows from the evidence in the case that the suit was abandoned at least as early as July 8, 1911, the date on which the deed in settlement was executed. There is no evidence in the record showing that R. L. Wilson ever actually inspected the *lis pendens* notice or that he knew of its contents prior to his purchase. Applying the rule and its effect, as announced in the case of *Cherry* v. *Dickerson,* to the conclusion of facts reached by the court in the instant case, the purchase of C. C. Bailey of November 3, 1911, was not affected by Wilson's *lis pendens,* and C. C. Bailey was therefore a *bona fide* purchaser of said lands for value.

The *lis pendens* filed by Ford on April 5, 1912, when he instituted the original suit in this case, can in no way affect the rights of the Baileys, because the C. C. Bailey purchase antedated the filing of this *lis pendens* some five or six months.

The learned chancellor therefore erred in finding that C. C. Bailey purchased said lands with either actual or constructive notice of appellee's claim under his lost or destroyed deed of date October 16, 1909.

The decree is reversed and remanded with direction to dismiss the bill for the want of equity.