### Lightle v. Schmidt.

#### Opinion delivered May 31, 1920.

1. Lis pendens—notice of pending suit.—A suit for the specific performance of a contract for the sale of real estate is within the rule as to *lis pendens*, and one who acquires an interest in the property pending the suit from a party thereto is bound by the result of the suit.

2. Same—when enforced against third person.—Where a suit for specific performance was instituted by a purchaser of land before the vendor had conveyed it to a third person pursuant to a prior parol contract of sale, and before the third person had taken possession or paid any part of the purchase money, such third person was bound by the *lis pendens* notice of such suit.

Appeal from White Chancery Court; *John E. Martineau*, Chancellor; reversed.

#### STATEMENT OF FACTS.

On the 19th day of May, 1919, J. E. Lightle brought suit in equity against Sidney W. Schmidt to enforce the specific performance of a written contract for the sale of a tract of land in White County, Arkansas, and a *lis pendens* notice was filed under the provisions of section 5149 of Kirby's Digest.

J. S. Booth filed an intervention and claimed to be an innocent purchaser for value of the land in controversy.

It appears from the record that the duly authorized agent of Sidney W. Schmidt entered into a written contract with J. E. Lightle to convey to him the land in controversy, and, it being conceded that the contract was binding upon Schmidt, it is not necessary to set it out in the statement of the facts.

Another agent of Schmidt entered into a verbal contract with J. S. Booth for the sale of the land in controversy to him. A deed was forwarded to Schmidt for execution and was received and executed by Schmidt on May 17, 1919. Schmidt, after executing the deed, held it for a few days to see if his other agent would not get a greater price for the land. Schmidt was notified by telegram that J. E. Lightle, on the 19th day of May, 1919, had filed a suit for specific performance of the contract for the sale of the land made with him. The parol contract between the agent of Schmidt and J. S. Booth for the sale of the land in controversy was made on May 15, 1919. Under its terms the cashier of a bank was directed to pay the purchase money when the deed and abstract of title was delivered to it. Booth did not enter into possession of the land and was notified of the suit by Lightle for a specific performance before the deed was delivered to the bank.

The complaint of the plaintiff was dismissed for want of equity, and the case is here on appeal.

*Brundidge & Neelly,* for appellant.

1. The deed was never delivered until after the suit and *lis pendens* notice were filed. The writing executed by Schmidt's agent to Lightle is binding; the verbal contract was void under the statute of frauds. It was the duty of the purchaser to go to the recorder's office and ascertain if notice of *lis pendens* was filed; if he did not, he acts at his own peril. 118 Ark. 144; Kirby's Digest, § 5149.

2. When did the title pass from Schmidt to Booth? No title passes until delivery of the deed (8 R. C. L. 973), even though the intent to deliver is clear. 98 Ark.

471; 113 *Id.* 294. Under our decisions there was no delivery of the deed and no title passed from Schmidt until after the filing of the *lis pendens,* and Booth is bound by the notice. This case falls squarely within the *lis pendens* rule.

*Miller & Yingling* and *Eugene Cypert,* for appellees.

The *lis pendens* notice was not sufficient to put appellee Booth on notice of the filing of this suit before he acquired any interest in the land. The *lis pendens* rule is not favored by the courts but only adopted from necessity. 2 Devlin on Real Estate (3 ed.), p. 1444, § 791. The authorities cited for appellant are not in point and do not apply, as the deed from Schmidt to Booth antedates the filing of the suit and *lis pendens* notice. The statute and rule are not retroactive. 132 Ark. 208; 97 Minn. 423; 7 Anno. Cases 109. Schmidt, after his acceptance of Booth's offer to purchase by his execution of the deed tendered by Booth, became only a trustee, holding the title for Booth until the deed could be delivered by the means used. 105 Ky. 63. The judgment is right.

HART, J. (after stating the facts). It is conceded that the contract between Lightle and Schmidt was one that the former might enforce in a suit for specific performance if Booth was bound by the *lis pendens* notice filed when the suit was instituted. In *Marshall* v. *Whatley* (Ga.), 36 L. R. A. (N. S.) 552, it was held that a suit for the specific performance of a contract for the sale of real estate is within the rule as to *lis pendens,* and that one who acquires an interest in the property pending the suit from a party thereto, is bound by the result of the suit. Several decisions from courts of last resort of other States are cited in support of the rule. The doctrine of *lis pendens* is founded on public policy, and has been long adhered to as essential to the due administration of justice in order that an end may be put to litigation. *Bailey* v. *Ford,* 132 Ark. 208.

Counsel for Booth seek to uphold the decree, upon the principles announced in *Moulton* v. *Kolodzik* (Minn.),

7 Ann. Cases, p. 1090, and *Parks* v. *Smoot,* 105 Ky. 63, in
which it is held that a person who enters into an execu-
tory contract for the purchase of land prior to the insti-
tution of a suit involving the title thereto acquires an
interest in the land and may after such suit is brought
pay the purchase money and receive a deed to the land
unaffected by the rule of *lis pendens.* Those cases, how-
ever, have no application to the facts in the present case.
In each of these cases the executory contract of sale was
binding and enforceable in equity. It is true that in the
latter case the contract of sale was a parol one, but the
purchaser had entered into the possession of the land
and was entitled to a specific performance of his contract.
Here the suit by Lightle for specific performance was in-
stituted before the deed to Booth was delivered and be-
fore Booth had paid any part of the purchase money.
Neither had Booth entered into the possession of the
land. Hence he was not entitled to a specific perform-
ance of his contract. Before the rights of parties com-
pleting a parol contract for the sale of lands pending liti-
gation will be protected, it must appear that the interest
under the executory agreement is capable of being en-
forced. *Rooney* v. *Michael* (Ala.), 4 So. Rep. 421. In
order that the interest acquired by Booth may be effectual
against the rule of *lis pendens,* his contract must be en-
forceable. *Gibler* v. *Trimble,* 14 Ohio 323, and *Clarkson*
v. *Morgan,* 6 B. Monroe (Ky.) 441.

As we have already seen the contract with Booth
was not obligatory on the parties and could not have been
enforced. Therefore he was affected by the *lis pendens*
notice in the suit for specific performance by Lightle
against Schmidt.

It follows that the chancery court erred in dismiss-
ing the complaint of the plaintiff for want of equity. For
that error the decree must be reversed and the cause re-
manded for further proceedings in accordance with the
principles of equity and not inconsistent with this
opinion.