LOWE'S OF ARKANSAS, INC.,
d/b/a LOWE'S OF JONESBORO *v.*
Robert BUSH, Trustee for
FIRST NATIONAL BANK OF LAWRENCE COUNTY

84-69                                                    669 S.W.2d 198

Supreme Court of Arkansas
Opinion delivered May 29, 1984

*Jim Lyons*, for appellant.

*Ponder & Jarboe*, by: *Dick Jarboe*, for appellee.

GEORGE ROSE SMITH, Justice. In September, 1982, the real appellee, First National Bank of Lawrence County, brought this suit in the name of its trustee to foreclose the lien of a deed of trust executed on June 5, 1980, by which Johnny Ridenhower and his wife conveyed two lots to secure a loan from the bank. The appellant, Lowe's of Arkansas, was joined as a defendant because it was asserting a materialman's lien on the same property. The chancellor decided the vital issue — priority of lien — in favor of the bank. The appeal was transferred to us as presenting an issue of statutory construction. Rule 29 (1) (c).

The case is so strikingly similar to *Wiggins* v. *Searcy Fed. S. & L. Assn.*, 253 Ark. 407, 486 S.W. 2d 900 (1972), upon which the chancellor relied that we need not state the facts in great detail. The bank's borrower, Ridenhower, was a contractor who built three or four houses a year. In May, 1980, Ridenhower was building a house on the land in question, which he owned. From May 9 to June 14 Ridenhower bought materials for the house from Lowe's, the appellant, on credit. On June 5 the bank made its loan to Ridenhower with knowledge that Ridenhower was building a house on the property securing the loan.

Ridenhower did not pay Lowe's for the materials. Lowe's failed to perfect its materialman's lien by first giving

ten days' notice to Ridenhower pursuant to Ark. Stat. Ann. § 51-608 (Repl. 1971) and then filing the account in the circuit clerk's office within 120 days after the last material was furnished. § 51-613. Instead, Lowe's followed the alternative procedure of filing suit against Ridenhower and his wife on October 10, 1980 — the 118th day after the last material had allegedly been furnished on June 14. The bank was not made a party to that suit, in which a default judgment was taken againt the Ridenhowers in 1981. Lowe's, however, did file with its complaint a notice of *lis pendens*, which is the only significant difference between the facts in this case and those in *Wiggins, supra.*

On its face, except for the *lis pendens*, this case is governed by *Wiggins.* The appellant argues, however, that we should overrule *Wiggins*, because in that case the court apparently overlooked Section 51-618, which provides that in suits under the materialmen's lien law, persons interested in the property charged with the lien *may* be made parties. Hence, it is argued, the joinder of a mortgagee as a defendant is optional, and the court was wrong in *Wiggins* in holding otherwise.

We do not think Section 51-618 was overlooked in *Wiggins.* It simply was not applicable. That section specifically applies to "all suits under this act." A suit under the act must be based upon an account properly filed in the circuit clerk's office and be brought to enforce the lien established by that filing. Such a suit relates back to the furnishing of the material. This suit, however, like that in *Wiggins,* was not brought under the act. It is permisible by reason of a judicial innovation going back as far as *Murray v. Rapley,* 30 Ark. 568 (1875), where the court held that as between the materialman and the landowner who had contracted for the improvements, the filing of suit within 90 days (later extended to 120 days) was in itself sufficient to preserve the lien. Such a suit, however, is not "under the act." In the *Murray* opinion, and again in *Wiggins,* we explained why third parties such as a mortgagee should be joined as defendants and be given an opportunity to contest a claim not established by the filing of an account in the circuit clerk's office. To that explanation we add only the

observation that there are practical reasons for giving third parties a chance to contest the accuracy of the materialman's account at an early date. This case is a good example. It was not tried until more than three years after the materials had been furnished by Lowe's. The proof that material was actually furnished as late as June 14, 1980, is questionable, because the last invoice was signed only by Mrs. Ridenhower and did not show that the material had been delivered to the particular job in question. Such uncertainties would be minimized if the issues of fact were tried while memories are fresh.

We stand by our decision in *Wiggins*. That leaves for discussion only the appellant's argument that the filing of the *lis pendens* distinguishes this case from *Wiggins*. Not at all. A *lis pendens* is prospective in operation, giving notice to persons who may thereafter acquire an interest in the property. Here the bank had taken its mortgage about four months before the *lis pendens* notice was filed and had no reason to search for such a notice at that late date.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent because I think this opinion allows a financial institution to take unfair advantage of laborers and materialmen. As I understand the facts, construction had already commenced before the loan was made. Furthermore the mortgagor had actual knowledge that materials had been supplied to the site and labor had been performed. Foreclosure commenced against the owner within 120 days. Arkansas Stat. Ann. § 51-618 (Repl. 1971) states other interested parties *may* be joined but it does not require them to be made parties to the action. The appellant did not choose to make them parties. The result of the opinion is to disallow the priority given appellant under the law and move a financial institution into priority even though it had knowledge of commencement of construction on the property prior to making the loan. At the very least we should send the case back for trial on the merits as though appellee had been joined from the beginning.