FLAGSTAR BANK *v.* Rose Marie GIBBINS, Represented by Her Appointed Guardians Dr. Jerry Jones and Pulaski Bank and Trust, Kelly and Michael McQueen, Intervenors

05-911                                            238 S.W.3d 912

Supreme Court of Arkansas
Opinion delivered September 14, 2006

*The McMullan Law Firm*, by: *Marian M. McMullan* and *Kelly Halstead*, for appellant.

*Stanley Douglass Rauls*, for appellee.

*Kelly Murphy McQueen*, for intervenors/appellees Kelly and Michael McQueen.

BETTY C. DICKEY, Justice. Appellant Flagstar Bank appeals the order of Pulaski County Circuit Court, finding that the deed of trust to a mortgage that Flagstar held on the property at 17 Sherrill Road in Little Rock was founded on a forged deed and was thus void and without effect. Jurisdiction in this case is pursuant to Ark. Sup. Ct. R. 1-2(b)(5).

Prior to the events comprising the present controversy, Rose Marie Gibbins owned the property located at 17 Sherrill Road (the property) in Little Rock. Sandi and Kenny Ganus were her friends and business associates, and occasional co-habitants of the property. In 1997, Gibbins signed a general durable power of attorney which granted Sandi Ganus broad power to transact personal business on Gibbins's behalf, and to dispose of Gibbins's property. Additionally, the document stated that it ratified the actions of Sandi Ganus, just as if Gibbins were present and performing the action with her own hand.

In May 1998, two deeds, a quitclaim deed and a warranty deed, were filed purporting to transfer the ownership of the property to the Ganuses. Both deeds were signed "Rose Marie Gibbins" and were acknowledged by "Sandra L. Vowell," notary public. After the purported transfer, the Ganuses executed two mortgages on the property. The first, dated June 1, 1998, pledged the property to Mortgage Lenders Network USA, Inc. (Mortgage Lenders) in return for a loan of $267,000. The second, dated June 4, 1999, mortgaged the property to Metropolitan Mortgage Consultants in return for a loan of $389,750. Metropolitan immediately assigned that loan to the present appellant, Flagstar Bank.

Gibbins learned of the property transfer and mortgages in June 1999, at a meeting with her investment broker and officials from the Arkansas Securities Department. After being told of the transfer, Gibbins became upset and denied any knowledge of the quitclaim or warranty deeds and the mortgages. She stated that it appeared to her that Sandi Ganus had forged her signature on the

deeds. Gibbins subsequently revoked Sandi Ganus's power of attorney, and filed a police report and a civil action against the Ganuses.

On September 20, 1999, Gibbins filed suit in the Pulaski County Chancery Court to quiet title to the property, naming the Ganuses and Mortgage Lenders as defendants, but failing to name Flagstar. On February 11, 2000, the court entered a decree that quieted title to the property in Gibbins, and found that the quitclaim and warranty deeds had been obtained by forgery and were void, and that the deed of trust securing the mortgage to Mortgage Lenders was also void. The issue of damages was reserved for a later hearing. On May 5, 2000, the parties entered into a consent judgment that obligated the Ganuses to pay the outstanding loan to Flagstar.

Gibbins was later declared incompetent, and in December 2003, her guardians sold the property to Kelly and Michael McQueen, the intervenors in the present case. In January 2004, Gibbins and the McQueens brought the present quiet title action against Flagstar in Pulaski County Circuit Court. At a hearing on September 8, 2004, the trial judge found that the following requests for admission were deemed admitted as to the Ganuses: that Gibbins did not sign either the quitclaim or the warranty deed; and, that the signatures on both deeds were fraudulently obtained by the Ganuses. On March 10, 2005, the trial court entered an order denying Flagstar's motion for summary judgment on the grounds of laches, judicial estoppel, and statute of limitations, and found the 1999 decree quieting title to the property in Gibbins void as to the Ganuses. At trial, the Ganuses invoked the Fifth Amendment as to all questions relating to the deeds. On April 28, 2005, the trial judge entered an order which found that the quitclaim and warranty deeds were forgeries and thus void and without effect, and further found that Flagstar's mortgage was void. This appeal followed.

The appellant asks us to overturn the order of the trial judge in this case, based on the theories of laches, estoppel, express authority, ratification, waiver, judicial estoppel, the expiration of the statute of limitations, and insufficiency of the evidence as to forgery. Although the appellant mentioned these arguments at trial, the trial judge made no specific ruling on them, with the exception of the sufficiency of forgery evidence, either at trial, or in his order.

The trial judge denied the appellant's motion for summary judgment on the doctrines of laches, judicial estoppel, and the expiration of the statute of limitations, by an order entered on March 10, 2005. However, the denial of a summary judgment is not an appealable order, and is not subject to review on appeal, even after a trial on the merits. *Rick's Pro Dive 'N Ski Shop, Inc. v. Jennings-Lemon*, 304 Ark. 671, 803 S.W.2d 934 (1991); *Henslee v. Kennedy*, 262 Ark. 198, 555 S.W.2d 937 (1977). We have stated the rationale for this rule as being that a final judgment should be tested upon the record as it exists at the time it is rendered, rather than at the time the motion for summary judgment is denied, since further evidence may be supplied at trial. *Rick's Pro Dive 'N Ski Shop, Inc., supra.*

The final order of the trial judge provided a ruling on the sufficiency of the evidence as to forgery. However, the appellant did not obtain a ruling on any of the other theories it now advances. This court has repeatedly held that a party's failure to obtain a ruling is a procedural bar to the court's consideration of the issue on appeal. *See, e.g., Cox v. Miller,* 363 Ark. 54, 210 S.W.3d 842 (2005); *Scamardo v. Jaggers,* 356 Ark. 236, 149 S.W.3d 311 (2004); *Finagin v. Arkansas Dev. Fin. Auth.,* 355 Ark. 440, 139 S.W.3d 797 (2003); *White v. Davis,* 352 Ark. 183, 99 S.W.3d 409 (2003). It was the appellant's burden to obtain a specific ruling on these issues. Its failure to do so now precludes this court from considering the merits of those arguments on appeal.

The appellant's sole remaining point on appeal is: *The evidence was insufficient to prove forgery*.

The appellant contends that the following evidence is sufficient to preclude a conclusion that the deeds were forged. Sandra Vowell David, the notary public who purportedly notarized the deeds, refused to confirm that it was indeed her signature on the deeds. The appellant argues that Sandra Vowell David's testimony exhibited bias and animosity towards the Ganuses, as evidenced by the implausibility of David's theories that Sandi Ganus appropriated her seal and contrived to have the deeds notarized inadvertently. The appellant also contends that Sandra Vowell David's testimony was speculative. Flagstar further argues that the testimony of Gibbins's investment advisor is due little weight, because he admitted that he did not actually witness Gibbins's signing of the documents that he used when comparing the signatures of those documents to the allegedly forged signatures on the deeds. The appellant relies on the testimony of its handwriting expert,

who opined that the copies of the signatures on the deeds available in the present case were so lacking in quality that no conclusive determination of their authenticity was possible. The appellant also points to the dearth of contemporaneous signatures from Gibbins available in the instant case, and the fact that Gibbins was no longer able to provide a signature at the time of the trial. The appellant argues that the questions asked to the Ganuses on direct examination were leading and improper. Lastly, the appellant contends that the Ganuses' answer to the appellee's amended complaint constituted a denial that they had committed forgery. In their answer to that complaint, the Ganuses stated that they only approved "as to form" the consent decree entered in the previous quiet title action, which found that they had obtained the deeds by forgery, and they further stated that the issue of forgery had not been litigated in that case.

The appellee produced the following evidence of forgery at trial. Gibbins immediately disavowed any knowledge or connection to the deeds upon first learning of them, and she declared that the signature on the deeds appeared to be her name in Sandi Ganus's handwriting. After learning that her name was signed on the deeds, Gibbins revoked Sandi Ganus's power of attorney, and filed a police report and a civil action against the Ganuses. Gibbins's attorney and investment broker both opined that the signature on the deeds did not appear to be Gibbins's. The notary public, Sandra Vowell David, formerly Sandra L. Vowell, who purportedly notarized the deeds, testified: that Gibbins never appeared before her; that she never consciously notarized anything for Sandi Ganus acting on Gibbins's behalf; that her seal was lost for a period of two weeks and was discovered on the desk of Sandi Ganus; and, that Kenny Ganus offered her money not to testify in this case. The appellee also relies on the facts deemed admitted in this case, and thus conclusively established pursuant to Ark. R. Civ. P. 36(b), including the admissions that Gibbins signed neither of the deeds and that both were obtained through fraud by the Ganuses. And finally, the appellee notes the Ganuses' refusal to testify with respect to the circumstances surrounding the signing of the deeds, a refusal from which negative inferences may be drawn. *See Edwards v. Stills,* 335 Ark. 470, 984 S.W.2d 366 (1998).

The trial judge in this case made a factual finding that both the quitclaim and warranty deeds were forgeries. That finding is entitled to substantial deference from this tribunal. In bench trials such as this, the standard of review on appeal is not whether there

is substantial evidence to support the finding of the court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. Ark.R.Civ.P. 52(a) (2004); *Reding v. Wagner,* 350 Ark. 322, 86 S.W.3d 386 (2002); *Shelter Mut. Ins. Co. v. Kennedy,* 347 Ark. 184, 60 S.W.3d 458 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Sharp v. State,* 350 Ark. 529, 88 S.W.3d 348 (2002). Disputed facts and determinations of credibility are within the province of the fact-finder. *Sharp, supra; Pre-Paid Solutions, Inc. v. City of Little Rock,* 343 Ark. 317, 34 S.W.3d 360 (2001).

As noted above, ample evidence that the deeds were forged was produced in this case. The appellant has produced no evidence in refutation that would impart a firm conviction to this court that the trial judge committed a mistake in finding that the deeds were forged, and consequently we do not disturb that finding.

Affirmed.