NATIONAL HOME CENTERS, INC. *v.* Stephen COLEMAN; Coleman Homes, LLC; Newoods, Inc., d/b/a ABC Block Company; Regional Bank; Cain Construction, Inc.

07-977                                          283 S.W.3d 218

Supreme Court of Arkansas
Opinion delivered April 17, 2008

---

*Lisle Law Firm, P.A.*, by: *Donnie Rutledge*, for appellant.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *Randal B. Frazier* and *Geoffrey B. Treece*, for appellee Regions Bank.

*McMullan Law Firm*, by: *Kelly Halstead*, for appellee Cain Construction, Inc.

ANNABELLE CLINTON IMBER, Justice. The instant appeal requires this court to analyze the issue of whether a lis pendens filed in conjunction with a creditor's foreclosure action serves to bar the future claim of a materialman when its materialman's lien is filed with the county recorder's office after the lis pendens is filed, and the foreclosure action proceeds to final judgment without joinder of the materialman as a party to the action. In light of the facts in this case, we conclude that it does.

On August 13, 2004, Coleman Construction, LLC, granted Appellee Regions Bank a note and construction mortgage on the property described as

> Lot 51, Pebble Beach Woods Addition to the City of Little Rock, Pulaski County, Arkansas. Also known as 2600 Valley Park Drive, Little Rock, Arkansas.

Within a few months, Coleman defaulted on the loan by ceasing construction on the property.

On January 4, 2005, Regions filed a complaint of foreclosure in the Pulaski County Circuit Court and a lis pendens in the county recorder's office. The complaint listed Coleman Homes, LLC, and Stephen G. Coleman and Debra J. Coleman, individually, as defendants but did not list any other parties. On March 7, 2005, the circuit court entered a foreclosure decree in favor of Regions, and at the Commissioner's sale on June 13, 2005, Regions purchased the property. Subsequently, Regions sold the property to Appellee Cain Construction, Inc., and obtained a construction mortgage on the property.

Meanwhile, on January 25, 2005, Appellant National Home Centers, Inc., a materials supplier for Coleman, filed a materialman's lien on the same property. Over a year later, in April 2006, National Home Centers filed a complaint in foreclosure against the property. The complaint listed as defendants Coleman Homes, LLC, the Colemans individually, Cain Construction, Inc., Newoods, Inc., and Regions Bank.

In response, Regions and Cain filed a joint motion for summary judgment. In the motion, they alleged that National Home Centers's materialman's lien was filed after the lis pendens in Regions's foreclosure action, and, therefore the materialman's lien was subject to the outcome of that litigation, and National Home Centers was barred from bringing its own foreclosure action. National Home Centers filed a cross-motion for summary judgment and made several arguments in rebuttal to Regions's motion.

After a hearing on the motions, the circuit court entered an order granting summary judgment in favor of Regions and Cain and denying National Home Centers's summary-judgment motion. The order also granted National Home Centers a default judgment against Coleman.

National Home Centers filed an initial appeal from that order, but this court remanded the case for further settling of the record because the circuit court's order did not dispose of Newoods, Inc., and, therefore, was not a final appealable order. *See Nat'l Home Ctrs., Inc. v. Coleman*, 370 Ark. 119, 257 S.W.3d 862 (2007). After an amended order was entered granting National Home Centers a default judgment against Newoods, National Home Centers filed the instant appeal. National Home Centers raises five points on appeal: (1) that Regions's lis pendens was a nullity because it was filed before Regions's foreclosure complaint; (2) the lis pendens statute does not apply to holders of materialman's liens because a materialman's lien relates back to the time when materials were supplied; (3) the lis pendens had no effect against National Home Centers because it was not joined as a defendant in Regions's foreclosure action, and the circuit court's foreclosure decree indicated that it only applied to the listed defendants; (4) there exists a genuine issue of material fact as to whether the "unclean hands" doctrine should be applied to Regions; and (5) the circuit court erred in denying National Home Centers's summary-judgment motion.

Although National Home Centers made all of the above arguments in its cross-motion for summary judgment, Regions asserts that points one through four were not preserved for appeal because National Home Centers did not receive a specific ruling on any of those arguments. We have repeatedly held that it is appellant's duty to obtain a specific ruling on arguments before the circuit court in order for us to review those arguments on appeal. *See Bomar v. Moser*, 369 Ark. 123, 251 S.W.3d 234

(2007); *In re Estate of Keathley*, 367 Ark. 568, 242 S.W.3d 223 (2006). Moreover, we have held that when a circuit court rules on some arguments when making its decision to grant summary judgment, while not addressing others, the arguments that are not addressed are not preserved for appeal. *See Bomar v. Moser, supra.*

In its order, the circuit court did not provide specific rulings. However, the order does state that "for reasons stated in open court," the joint summary-judgment motion filed by Regions and Cain was granted and the cross-motion for summary judgment filed by National Home Centers was denied. A review of the transcript from the hearing reveals colloquies in which the circuit court addressed some of National Home Centers's arguments. In response to its argument that the materialman's lien was not affected by the lis pendens because it related back to a date before the lis pendens was filed, the circuit court stated in pertinent part:

> [T]he timing [of lis pendens] has nothing to do with my analysis that I can tell except when you would have had notice. And the *lis pendens* was there when you went down and perfected your lien, thereby putting you on notice. You don't get to go to the courthouse and claim you were there three weeks in advance for notice purposes.
>
> . . . .
>
> The fact [that] it relates back doesn't have anything to do with notice. It has to do with when your work began and when the lien attaches, if properly perfected.

Then, National Home Centers argued that a creditor should wait 120 days after the last day work is done on the property and conduct a title search to account for any unperfected materialman's liens before filing a complaint. The circuit court replied,

> They're half-way through a house and they shut down in the middle of it, and you can't — he keeps saying, "No, I'm going to finish it. No, I'm going to finish it." But it's been out there deteriorating, and you're the bank. You can't expect them to wait 120 days till completion when you have no idea when the last work has been done.

The court did not comment further, and National Home Centers did not request specific rulings on its other arguments. Thus, as to the following arguments advanced on appeal, the

record reflects no specific rulings by the circuit court: the discrepancy in the filing of the lis pendens; the indications in the foreclosure decree that the decree only applied to the named defendants; and the application of the "unclean hands" doctrine. Accordingly, we hold that the only arguments preserved for appeal are whether the lis pendens statute applies to materialman's liens and whether National Home Centers's claims were barred despite the fact that it had not been joined as a party to Regions's foreclosure action.

A circuit court shall grant summary judgment in favor of a party when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Crooked Creek, III, Inc. v. City of Greenwood*, 352 Ark. 465, 101 S.W.3d 829 (2003); *see also* Ark. R. Civ. P. 56. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Crooked Creek*, 352 Ark. at 469, 101 S.W.3d at 832. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact. *Id.*

National Home Centers asserts that the plain language of Arkansas's lis pendens statute, Arkansas Code Annotated section 16-59-101 (Repl. 2005), clearly indicates that the legislature only intended for a lis pendens to give notice of a pending lawsuit to bona fide purchasers and mortgagees of the land in dispute. Because the statute does not specifically identify any other types of liens, including materialman's liens, National Home Centers argues that the legislature intended to make materialman's liens exempt from the effect of a lis pendens. National Home Centers also suggests that because Arkansas Code Annotated section 18-44-110(a)(1) provides that all materialman's liens will "relate back" to when material was first provided to a construction site, its interest in the property, which relates back to the last delivery of supplies to Coleman in December 2004, predates the lis pendens and was unaffected by the outcome of Regions's foreclosure action. Further, because a materialman's lien can be perfected by filing within 120 days of the last day upon which supplies are delivered, National Home Centers asserts that Regions should have updated its title work on the property 120 days after the foreclosure complaint was filed in order to account for any materialman creditors. Accordingly, National Home Centers con-

cludes that it was entitled to pursue its claim against the property and, because it was not joined as a party to Regions's lawsuit, it is not bound by the outcome of the lawsuit.

In rebuttal, Regions and Cain argue that the lis pendens statute does apply to materialman's liens, and that the "relation back" provision of Arkansas Code Annotated section 18-44-110 concerns only perfection and priority of materialman's liens. Regions and Cain also assert that National Home Centers's contention that Regions should have performed a title search 120 days after filing its complaint is an undue burden on creditors foreclosing on their own liens. We agree.

When interpreting a statute, this court first looks to the plain language of the statute, and, when the language is clear and unambiguous, it will follow the plain meaning of the words rather than resorting to the rules of construction. *Releford v. Pine Bluff Sch. Dist. No. 3*, 355 Ark. 503, 140 S.W.3d 483 (2004). A statute is ambiguous where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Yamaha Motor Corp., U.S.A. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001). When a statute is clear, it is given its plain meaning, and we will not search for legislative intent; rather, that intent must be gathered from the plain language used. *Id.*

Our lis pendens statute, Arkansas Code Annotated section 16-59-101, states that,

> To render the filing of any suit at law or in equity in either a state court or United States district court affecting the title or any lien on real estate or personal property constructive notice to a bona fide purchaser or mortgagee of any such real estate or personal property, it shall be necessary for the plaintiff or any one (1) of the plaintiffs, if there is more than one (1) plaintiff, or his or her attorney or agent to file a notice of the pendency of the suit, for record with the recorder of deeds of the county in which the property to be affected by the constructive notice is situated.

This court has stated that the doctrine of lis pendens is based on considerations of public policy and convenience, which forbid a litigant to give rights to others, pending the litigation, so as to affect the proceedings of the court then progressing to enforce those rights, the rule being necessary to the administration of justice in order that decisions in pending suits may be binding and may be given full effect,

by keeping the subject matter in controversy within the power of the court until final adjudication, that there may be an end to litigation, and to preserve the property that the purpose of the pending suit may not be defeated by successive alienations and transfers of title. *Ashworth v. Hankins*, 241 Ark. 629, 408 S.W.2d 871 (1966) (quoting 54 C.J.S. *Lis Pendens* § 1).

This court has long held that under the rule of lis pendens, a person who acquires an interest in the property subject to a pending lawsuit, in which a lis pendens notice has been filed, is bound by the result of the suit. *Lightle v. Schmidt*, 144 Ark. 304, 222 S.W. 46 (1920); *Bailey v. Ford*, 132 Ark. 203, 200 S.W. 797 (1918). We have been careful to point out that a lis pendens is "prospective in operation, giving notice to persons who may thereafter acquire an interest in property." *Lowes of Ark., Inc. v. Bush*, 282 Ark. 508, 669 S.W.2d 198 (1984); *see also Cardiac Thoracic & Vascular Surgery, P.A. Profit Sharing Trust v. Bond*, 310 Ark. 798, 840 S.W.2d 1888 (1992). However, a party that acquired its interest prior to the filing of a lis pendens would have no reason to search for such a notice at a later date and is not bound by the lis pendens. *Lowes of Ark., supra.* Contrary to National Home Centers's contention, our court has held that a lis pendens applies not only to purchasers, but it can also apply to creditors who obtained an interest in the property during the pendency of the suit, including judgment creditors. *Mitchell v. Fed. Land Bank of St. Louis*, 206 Ark. 253, 174 S.W.2d 671 (1943). Thus, a lis pendens could apply to a materialman who obtains an interest in property subject to a pending lawsuit. The issue then becomes: When does a materialman "obtain" an interest in property for purposes of the lis pendens rule?

Pursuant to Arkansas Code Annotated section 18-44-110, for purposes of *priority* over other creditors, a materialman's lien is considered to relate back to the date on which the particular material was furnished. Ark. Code Ann. § 18-44-110(a)(1) (Repl. 2003). According to Arkansas Code Annotated section 18-44-117(a)(1) (Supp. 2007), a materialman has 120 days after materials are last furnished to perfect his or her lien by either filing a lawsuit or filing notice of the lien with the clerk of the circuit court of the county in which the property subject to the lien is situated. *See also Nat'l Lumber Co. v. Advance Dev. Corp.*, 293 Ark. 1, 732 S.W.2d 840 (1987); *Transp. Props., Inc. v. Cent. Glass & Mirror of Nw. Ark., Inc.*, 38 Ark. App. 60, 827 S.W.2d 667 (1992).

Although a materialman's interest may "relate back" to the last day materials were supplied for purposes of priority, if a materialman does not perfect its interest by either filing notice of the lien or filing a lawsuit within 120 days, the materialman will have no claim against the property. In other words, when a materialman delivers the last supplies to a construction site, he or she accrues an expectant interest in the property, but that interest does not vest and become enforceable until it is perfected. Moreover, the rule of lis pendens was meant to allow for the efficient settling of title and foreclosure of the property in question. So, to burden a foreclosing creditor with the duty of discovering materialmen with unrecorded liens on the property would be utterly impracticable and against the purpose of the lis pendens rule. Accordingly, we hold that a materialman does not "obtain" an interest in the property for purposes of our lis pendens statute until he or she has perfected his or her lien in the property.

Here, National Home Centers may have accrued an expectant interest in the property in question when it delivered its last supplies to the construction site in December 2004. However, it did not perfect its lien until twenty-one (21) days after Regions's lis pendens was filed. Thus, National Home Centers did not "obtain" an interest in the property prior to Regions filing the lis pendens, and, therefore National Home Centers is subject to the lis pendens. Additionally, because we have established that a person who acquires an interest in property subject to a lis pendens is treated as though he or she was a party to the lawsuit and does not have to be joined in the pending lawsuit to be affected by its outcome, National Home Centers's argument that it should have been joined as a defendant is moot.

We also need not reach National Home Centers's final argument on appeal that the circuit court erred in denying its motion for summary judgment. We have long held that a denial of a motion for summary judgment is not a final appealable order, and is not subject to this court's review on appeal. *See Flagstar Bank v. Gibbins*, 367 Ark. 225, 238 S.W.3d 912 (2006). For this reason, we will not address National Home Centers's arguments as to its motion for summary judgment.

Affirmed.