The Honorable Monty Davenport State Representative 644 MC 4008 Yellville, Arkansas 72687-9340
Dear Representative Davenport:
I am writing in response to your request for my opinion on the following three (3) questions:
 (1) Are there any exceptions in the Arkansas Code that would allow government entities or contractors hired by government entities to operate all terrain vehicles (ATVs) on public roadways?
 (2) May a city employee ride a four-wheeler while reading meters, or performing lawn maintenance duties?
 (3) Can contractors for the State Highway Department use ATVs and/or golf carts to pick up trash along the State and U.S. Highways?
RESPONSE
The answer to your first question is "no," in my opinion. The prohibition against riding all-terrain vehicles on public streets and highways is expressly applicable to "any person." For the most part, exceptions to this general prohibition are based upon the method of operation rather than the identity of the operator. As explained further below, it is my opinion that the response to your second question depends upon where and how the four-wheelers in question are ridden. It is possible that by keeping the ATVs off of the public streets and highways *Page 2 
themselves, except in certain very limited circumstances, city employees could perform the duties that you described without violating the law. The answer to your third question is the same as the answer to your second question, with regard to ATVs. That is, in my opinion, State Highway Department contractors may use ATVs for the duties described, provided that the ATVs are not operated on the highway itself, except in very limited circumstances. Golf carts, however, are another matter, as they are not covered by the act which sets the parameters for the use of ATVs. Municipalities may permit golf carts on city streets under certain limited circumstances not applicable here; however, it is my opinion that golf carts are not permitted on or even directly along Arkansas' highways as they lack the required equipment.
Question 1 — Are there any exceptions in the Arkansas Code that wouldallow government entities to operate all terrain vehicles (ATVs) onpublic roadways?
Arkansas Code Annotated § 27-21-101 et seq. deal with the operation of ATVs on public streets and highways. Subsection 27-21-102 provides a specific definition of an ATV:
 "All terrain vehicle" means every three-wheeled, four-wheeled, or six-wheeled vehicle seventy-five inches (75") or less in width, equipped with low pressure tires designed primarily for off-road recreational use and having an engine displacement of no more than one thousand cubic centimeters (1000 cc). The term "all-terrain vehicle shall not include any golf cart, riding lawnmower, or lawn or garden tractor [.]
A.C.A. § 27-21-102(1) (Supp. 2007).
Subsection 27-21-106(a) sets forth a general prohibition against the operation of ATVs on the public streets and highways of Arkansas, stating, in relevant part:
 It shall be unlawful for any person to operate an all-terrain vehicle upon the public streets and highways of this state . . .
A.C.A. § 27-21-106(a) (Supp. 2007) (emphasis added.) *Page 3 
When interpreting a statute, the court will look first to its plain language. If the language used is unambiguous, the court will not turn to the rules of statutory construction. See National Home Centers Inc.v. Coleman, 373 Ark. 246, ___S.W.3d ___ (2008). The term "any" is commonly understood to mean "every" or "all." Random House Webster'sUnabridged Dictionary (2nd ed.). Thus, "any person" would be taken to mean every person or all people, which would include government personnel and contractors. Moreover, A.C.A. § 27-49-101 specifically states that the traffic laws of this state are applicable to government personnel, subject only to exemptions for "authorized emergency vehicles."
Certain exceptions to the general prohibition against ATVs on public roadways are found at subsections 27-21-106(a)(1)-(3) and deal mainly with the method of operation rather than the identity of the operator. More specifically, these exceptions address: operation of an ATV while farming or hunting and moving from one field to another, direct crossing of a street or highway to get from one unimproved area to another, and operation of an ATV by handicapped individuals meeting certain criteria.[1] I will set forth these exceptions in greater detail when addressing your second question; however, none of them generally permits government personnel to operate ATVs on public roadways.
For these reasons, it is my opinion that the prohibition against operation of ATVs on the public streets and highways of Arkansas is applicable to government personnel.
Questions 2 — May a city employee ride a four-wheeler while readingmeters or performing lawn maintenance duties?
As previously stated, A.C.A. § 27-21-106(a) generally prohibits the operation of ATVs "upon the public streets and highways of this state."[2] "Public streets and highways" are defined as follows: *Page 4 
 [T]he part of the street, road, or highway, including the improved road shoulder, which is open to vehicular traffic and which is maintained by the state or by a political subdivision of the State of Arkansas, and includes any federal highways.
A.C.A. § 27-21-102(3) (Supp. 2007).
One of the exceptions to this prohibition states:
 An all-terrain vehicle may be operated upon the public streets and highways if the vehicle needs to make a direct crossing of the highway to get from one (1) area to another and if the vehicle comes to a complete stop, yields the right-of-way to all oncoming traffic that constitutes an immediate hazard, and crosses the street or highway at an angle of approximately ninety degrees (90°) to the direction of the street or highway. In crossing divided highways, the crossing may only be made at an intersection of the highway with another public street or highway. In crossings made between the hours from one-half (½) hour after sunset to one-half (½) hour before sunrise or in conditions of reduced visibility, the crossing may only be made with both front and rear lights turned on[.]
A.C.A. § 27-21-106(a)(2) (Supp. 2007).
Based on these provisions, it is my opinion that a city employee could ride an all-terrain vehicle (in this case a four wheeler) to perform the duties described if that employee could operate said vehicle off of the portion of the road open to vehicular traffic, driving on the road only when necessary to make a direct crossing of the road from one unimproved area to another in conformity with the statute.[3] *Page 5 Question 3 — Can contractors for the State Highway Department use ATVsand/or golf carts to pick up trash along the State and U.S.Highways?
With respect to the portion of this question which deals with the use of ATVs, my analysis and conclusion are generally the same as that set forth in response to your second question. I believe that highway department contractors can use ATVs to pick up trash along the State and U.S. Highways, so long as they operate said ATVs off of the portion of the highway open to vehicular traffic, except when making a crossing in the manner set forth by A.C.A § 27-21-109(a)(2).
Golf carts are not covered by A.C.A. § 27-21-101 et seq. because the definition of the term "all-terrain vehicle" found at A.C.A. § 27-21-102(1) specifically excludes golf carts. In my opinion, golf carts are not permitted to operate on or along the highway because they lack certain required equipment.
Arkansas Code Annotated § 27-36-101 et seq. set forth the lighting requirements for vehicles operating on Arkansas' highways. Arkansas Code Annotated § 27-36-101 states, in relevant part:
 It is a misdemeanor for any person to drive or move . . . on any highway any vehicle . . . which does not contain those parts, or which is not at all times equipped with lamps in proper condition and adjustment as required in this chapter[.]
A.C.A. § 27-36-101(2004).
The lamps required for operation on the highway include: parking lights, headlights, brake lights, and turn signals. See A.C.A.§ 27-36-206,-207 -216. It is my assumption that a typical golf cart is not equipped with one or more of the lamps required by chapter 36. *Page 6 
In addition, A.C.A. §§ 27-37-101 et seq. regulate other types of equipment required for vehicles operating on Arkansas' highways including: safety equipment, brakes, glass and mirrors, and mufflers. Arkansas Code Annotated § 27-37-101 states, in relevant part:
 It is a misdemeanor for any person to drive . . . on any highway any vehicle, which is in such unsafe condition as to endanger any person, or which does not contain those parts, or is not at all times equipped with equipment in proper condition and adjustment as required in this chapter[.]
A.C.A. § 27-37-101(2004).
It is my assumption that a typical golf cart is not equipped with all of the equipment required by chapter 37.[4]
Moreover, the definition of the term "highway" in the context of chapters 36 and 37 of title 27 is found at A.C.A. § 27-49-212 and is not confined to the portion of the highway open to vehicles, but includes the area along the sides of the highway. A.C.A. § 27-49-212(a) (1994). For this reason, when A.C.A. § 27-36-101 27-37-101 state that vehicles without certain equipment are prohibited on the highway, this means that they are also prohibited on the area along the sides of the highway. It may be noted that the definition of the term "highway" in this context is different than the definition of the same term with regard to where ATVs are prohibited. See supra footnote 3.
The only statute in the Arkansas Code that deals specifically with the operation of golf carts on streets and highways is found at A.C.A. § 14-54-1410. That section mainly deals with the operation of golf carts on city streets; however it also recognizes that the operation of golf carts on federal and state highways is prohibited, stating: "[O]peration shall not be authorized on city streets which are also designated as federal or state highways[.]" A.C.A. § 14-54-1410(a) (1998). While the statute gives some discretion to municipalities on whether to permit the operation of golf carts on city streets, this discretion is extremely limited. See *Page 7 
A.C.A. § 14-54-1410(b). A municipality may only authorize the operation of golf carts "from the owner's place of residence to the golf course and to return from the golf course to the owner's residence."Id. This statute does not list any exceptions to the prohibition against golf carts on federal and state highways. Id.
For these reasons, it is my opinion that contractors for the State Highway Department cannot use golf carts to pick up trash along federal and state highways.
In sum, there is no specific exception to the prohibition against ATVs on public street and highways, which runs in favor of government personnel or contractors. ATVs can, however, be used by government personnel for the duties that you described if they are kept off of the streets and highways themselves except when crossing in accordance with the applicable law. Golf carts are governed by a different provision of law, and it is my opinion that golf carts cannot be used for the duties described.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General
[1] In addition to the exceptions listed at A.C.A. § 27-21-106(a)(1)-(3), A.C.A. § 27-21-209(b) sets forth a defense to prosecution. However, this defense applies to a person who operates an ATV outside of the city limits, but not on an interstate highway, in order to get from one off-road trail to another. As such, it does not appear to apply to the circumstances referred to in your opinion request.
[2] The definition of an ATV was set forth above. This opinion assumes that the term "four-wheeler," as used in your opinion request, meets the definition of an ATV.
[3] I recognize that the definition of a "street or highway" set forth in another statute — A.C.A. § 27-49-212(a) includes "the entire width between property lines[.]" If this definition were applicable to the prohibition set forth at A.C.A. § 27-21-106(a), ATVs would not be allowed along the highway at all, even if they were operated off the improved shoulder. However, because specific laws govern more general laws, it is my opinion that the definition found at § 27-49-212(a) has been superseded by the narrower definition of "public streets and highways" set forth at § 27-21-102(3), with respect to the operation of ATVs. It is my opinion that the plain language of the narrower definition would not include the area off of the improved shoulder, as it plainly specifies that it includes only the part of the highway which is open to vehicular traffic, expressly including the improved road shoulder. This definition can arguably be read to include the area off the improved shoulder only if the first instance of the word "and" contained therein is read in the disjunctive. Generally speaking, the use of the word "and" to mean "or" is considered a misuse of the word and indicative of "sloppy drafting." Bryan A. Garner, A Dictionary ofModern Legal Usage, 55 (2nd ed. 1995). If the legislature did intend to prohibit the use of ATVs in the area off of the improved road shoulder, then legislative clarification is needed.
This analysis presumes that the city employee in question is not in violation of any other applicable laws, including city ordinances.
[4] I also find it relevant to note that, in general, a golf cart cannot attain the minimum speed required to travel on the interstate highway system. See, Arkansas Administrative Code, AR ADC 001 00 006 (West, Westlaw through July 2008). *Page 1